In the Matter of the MARRIAGE OF Loraine M. NOLDER and Dale O'Neil Nolder, Jr., and in the Interest of Timothy O'Neil Nolder and Kelly Marie Nolder, Children.

No. 06–00–00152–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 4, 2001.

Decided May 29, 2001.

---

Douglas A. Sandvig, Kissner & Sandvig, PC, Houston, for appellant.

Patrice McDonald, E.M. Schulze Jr., Schulze & McDonald, LLP, The Woodlands, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Dale O'Neil Nolder, Jr. appeals from a Final Decree of Divorce rendered in an action between him and Loraine Nolder. On appeal, Dale Nolder contends that the trial court erred by rendering a judgment that was not in conformity with a Rule 11 agreement[1] the parties submitted to the court.

On June 10, 1999, while divorce proceedings were pending, the Nolders submitted a written Rule 11 agreement to the trial court. Among other things, the agreement provided that Loraine Nolder would receive, in kind, fifty-five percent of Dale Nolder's Superior Services, Inc. stock options. The stock options were to expire on June 14, 1999, and Dale Nolder had already exercised the options and sold the stock on or about June 7, 1999. At the time the agreement was signed and submitted to the trial court, Dale Nolder did not reveal that he had already exercised the options and sold the stock. He invested the proceeds of the options on margin, and the investments performed well.

The divorce decree rendered by the court awarded Loraine Nolder fifty-five percent of the cash value of the in-kind options, plus ten percent interest. Loraine Nolder filed a motion to modify that judgment and asked the trial court for the share of the proceeds from Dale Nolder's secondary investment that could be traced to her fifty-five percent interest in the Superior Services stock options. The trial

---

1. "Unless otherwise provided in theses rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R. Civ. P. 11.

court granted the motion and awarded Loraine Nolder not only the value of fifty-five percent of the options, but one hundred percent of all interest, gains, and increases on her fifty-five percent ownership.

■ On appeal, Dale Nolder contends the trial court erred by awarding Loraine Nolder the gains attributable to her fifty-five percent ownership. Accordingly, we are faced with the question of whether the trial court erred by rendering a modified judgment that varied from the parties' Rule 11 settlement agreement.

■■ A Rule 11 settlement agreement is a contract and is governed by principles of contract law. *Montanaro v. Montanaro,* 946 S.W.2d 428, 430 (Tex.App.—Corpus Christi 1997, no writ). When parties reach a settlement agreement, the final judgment rendered must conform to that agreement. *Vickrey v. Am. Youth Camps, Inc.,* 532 S.W.2d 292, 292 (Tex.1976) (per curiam).

Dale Nolder misrepresented to the court and Loraine Nolder that he could divide the stock in accordance with the Rule 11 agreement. At the time he entered into the Rule 11 agreement, he was aware that he had already exercised the stock options and sold the stock. Although Dale Nolder exercised and sold the stock options to prevent them from expiring and becoming worthless, he went an extra step and invested the actual proceeds, thus making it impossible for the trial court to enforce the terms of the agreement and divide the option.

But Loraine Nolder was entitled to the benefit of her bargain. In order to enforce the terms of the agreement, the trial court was entitled to render a judgment that equitably enforced the terms of the agreement. Loraine Nolder was entitled to an election to receive either the value of the proceeds at the time Dale Nolder sold the stock or the proceeds from her money, which he invested without her consent. Not only is this the equitable solution to Dale Nolder's actions, it is enunciated by the Restatement of Restitution,[2] and the Texas Supreme Court has recognized this principle in *Meadows v. Bierschwale,* 516 S.W.2d 125, 129 (Tex.1974).

■ Even though the proceeds for the sale remained in Dale Nolder's name, fifty-five percent of those proceeds belonged to Loraine Nolder as of the time of the agreement. The trial court determined that the equitable resolution was to award Loraine Nolder the value of fifty-five percent of the stock options and to award her any resulting income that Dale Nolder made from investing her proceeds. The equitable remedy crafted by the trial court was effectively a constructive trust. A constructive trust is justified when one party commits fraud or breaches a confidential relationship. *Id.* at 128. When a party in such a situation retains title to property and is unjustly enriched by his actions with that property, the creation of a constructive trust is an appropriate remedy. *See Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401, 405 (1960). Courts are guided by equity in determining whether to declare a constructive trust and in determining the extent of the constructive trust. *Meadows,* 516 S.W.2d at 131.

When Dale Nolder reinvested the proceeds in risky margin investments, he put Loraine Nolder's property at risk. Never-

---

**2.** "[W]here a person with knowledge of the facts wrongfully disposes of the property of another and makes a profit thereby, he is accountable for the profit and not merely for the value of the property of the other with which he wrongfully dealt...." RESTATEMENT OF THE LAW: RESTITUTION § 1 cmt. e (1937).

theless, the investments performed well. This does not mean that Dale Nolder is entitled to keep the profit from Loraine Nolder's funds for himself.

Dale Nolder urges this court to find that the Nolders' relationship was that of judgment debtor and creditor, but the trial court had ordered a division of the property in existence. Neither the agreement nor the trial court sought to create a debtor/creditor relationship, but the court and the agreement sought to divide the property in question. Therefore, Dale Nolder exercised control over the property beyond his authority to do so and without the consent of Loraine Nolder.

The trial court did not err in tracing Loraine Nolder's property into the unauthorized investments made by Dale Nolder; therefore, the trial court's equitable enforcement of the Rule 11 agreement was a proper method of dividing the proceeds in question.

The judgment of the trial court is affirmed.