**Kenneth C. BEYERS, Appellant,**

v.

**Jeanette F. ROBERTS, Appellee.**

**No. 01–04–00619–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 27, 2006.

Rehearing Overruled June 14, 2006.

Shawn Casey, Shawn Casey & Associates, Houston, for appellant.

Judson W. Roberts, Beverly B. Lord, Houston, for appellee.

Panel consists of Justices TAFT, HIGLEY and BLAND.

## OPINION

JANE BLAND, Justice.

In a suit to modify the parent-child relationship, Kenneth Beyers appeals from an order establishing a joint managing conservatorship with appellee Jeanette Roberts of minor children L.R.B. and C.A.B. On appeal, Beyers contends the trial court erred in entering the order because (1) the mediated settlement agreement on which the order is based is void for its failure to designate a conservator with the exclusive right to designate the primary residence for the children, (2) the court's refusal to determine whether the mediated settlement agreement was in the children's best interest violates the Family Code and public policy, and (3) the court's order did not strictly comply with the agreement of the parties and ought to have been rescinded for mutual mistake. Beyers also complains that the trial court erred in signing a conclusion of law stating that it had granted the relief Roberts requested when, in fact, it did not. We affirm.

## Facts

Beyers and Roberts divorced in 1998. Following the divorce, Beyers received custody of the children under a settlement agreement. Shortly after the divorce, Beyers alleges that Roberts began engaging in a pattern of parental alienation behaviors by repeatedly calling him disparaging names to the children, by mocking and ridiculing him to the children, by undermining his reasonable discipline of the chil-

dren, and by otherwise disparaging and verbally attacking him to the children.

In 2002, Beyers petitioned the court for child support and for injunctive relief against further parental alienation behaviors by Roberts. Beyers also asserted a tort claim for intentional interference with a family relationship. Roberts counterpetitioned, requesting that the court appoint her to be the primary custodial parent, and award her the exclusive right to determine the primary residence of the children. Roberts also unsuccessfully sought temporary custody of the parties' daughter during the pendency of the case.

In December 2003, the parties attended a mediation session, which resulted in a settlement agreement providing for joint managing conservatorship and for increased periods of possession of the children by Roberts. Roberts and Beyers each signed the agreement, along with their attorneys. The agreement provided that neither party was to have primary designation, expressly stating, "Parties are appointed Joint Managing Conservators with no primary designation." The agreement provided, however, that the children's domicile be restricted to Harris County, Texas. The agreement further provided that, effective January 2004, C.A.B. would attend Emmanuel Lutheran School and L.R.B. would attend Lutheran High North School. The agreement was made "subject to the Court's approval."

Shortly after the mediation, Beyers objected to entry of a court order based on the agreement because it failed to designate a parent with the right to determine the children's primary residence. The court sent the parties back to mediation to resolve the issue. After the second mediation session resulted in impasse, Beyers asked the court to declare the settlement agreement void for failing to assign one parent the right to designate the children's primary residence. Beyers also moved to rescind the agreement because Emmanuel Lutheran School could not accept C.A.B. by mid-semester transfer, and alternatively, for the court to determine whether the agreement was in the children's best interest. The trial court denied all of Beyers's motions, and entered a modification order incorporating the terms of the settlement agreement.

## Failure to Include Primary Residence Designation

■ In his first issue, Beyers contends the mediated settlement agreement is void and thus unenforceable because it fails to designate a conservator with the exclusive right to determine the children's primary residence as required by Family Code section 153.133(a)(1). *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 149–50, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 936, § 1, 1999 Tex. Gen. Laws 3674, 3674, *further amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 10, 2003 Tex. Gen. Laws 2990, 2990 (amended non-substantively 2005) (current version at TEX. FAM.CODE ANN. § 153.133 (Vernon Supp.2005)).[1] The mediated settlement agreement and the order signed by the trial court both state that Roberts and Beyers are appointed joint managing conservators with no primary designation, and the children are to be domiciled in Harris County, Texas. Roberts responds that the mediated settlement agreement complies with the requirements set forth in Family Code section 153.0071, pertaining to child custody lawsuits, and

---

1. Because the 2005 amendments do not affect our analysis, we cite to the current version of the statute.

thus it is binding on the parties. *See* Tex. Fam.Code Ann. § 6.602 (Vernon Supp. 2005); *see also* Act of May 25, 1995, 74th Leg., R.S., ch. 751, § 27, 1995 Tex. Gen. Laws 3888, 3899, *amended by* Act of May 13, 1997, 75th Leg., R.S., ch. 937, § 3, 1997 Tex. Gen. Laws 2941, 2941, *further amended by* Act of May 6, 1999, 76th Leg., R.S., ch. 178, § 7, 1999 Tex. Gen. Laws 645, 647, *further amended by* Act of May 30, 1999, 76th Leg., R.S., ch. 1351, § 2, 1999 Tex. Gen. Laws 4577, 4578 (amended 2005) (current version at Tex. Fam.Code Ann. § 153.0071 (Vernon Supp.2005)).[2] We agree.

Family Code section 153.133 states that a "court shall render an order appointing the parents as joint managing conservators only if," among other requirements, an agreed parenting plan "designates the conservator who has the exclusive right to designate the primary residence of the child." Tex. Fam.Code Ann. § 153.133(a)(1). Another Family Code provision, however, applies to mediated settlement agreements. Section 153.0071 states that a mediated settlement agreement is binding on the parties if (1) it provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation, (2) is signed by each party to the agreement, and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. *Id.* § 153.0071(d). The statute further provides that, if a mediated settlement agreement meets the requirements of section 153.0071(d), "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 153.0071(e).

■ The Fort Worth Court of Appeals has held that the "notwithstanding" clause contained in Family Code section 6.602(c), which is identical to section 153.0071(e), but applies to divorce actions rather than child custody lawsuits, means the requirements of Rule 11 and the common law that ordinarily apply to the enforcement of settlement agreements do not apply to mediated settlement agreements in divorce proceedings, if the agreements meet the three requirements listed in Section 6.602(b). *Boyd v. Boyd,* 67 S.W.3d 398, 403 (Tex. App.-Fort Worth 2002, no pet.). A settlement agreement could nonetheless be unenforceable, even though it meets the requirements of section 6.602(b), if it results from fraud, or if its provisions are illegal. *See id.* Contracts, including mediated settlement agreements, generally are voided for illegality only when performance requires fraud or a violation of criminal law. *See In re Kasschau,* 11 S.W.3d 305, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (mediated settlement agreement voided for requiring criminal act of destruction of evidence).

■ Beyers relies upon *In re Calderon* to assert that any violation of the Family Code constitutes illegality and thus is grounds for voiding a mediated settlement agreement. *See In re Calderon,* 96 S.W.3d 711 (Tex.App.-Tyler 2003, no pet.). In *Calderon,* the court held that Family Code section 153.0071 did not permit the parties to contract around the mandatory venue requirements in Family Code section 155.201. *Id.* at 718; *see* Tex. Fam. Code Ann. § 155.201(b) ("If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the

---

**2.** Where the 2005 amendment does not affect our analysis, we cite to the current version of the statute; where it does, we cite to Former Tex. Fam.Code Ann. § 153.0071.

proceeding to another county in this state if the child has resided in the other county for six months or longer."). The statute that Beyers contends the agreement violates, however, is not mandatory under these facts. Although section 153.133 states that a court "shall render an order" granting a joint conservatorship if the requirements of that statute are met, it does not otherwise preclude a court from entering such an order pursuant to a mediated settlement agreement that complies with section 153.0071 where section 153.133's requirements are not met.

■ While section 153.133 deals generally with agreed parental plans creating joint managing conservatorships, section 153.0071(d) deals specifically with mediated settlement agreements. A fundamental principle of statutory construction is that a more specific statute controls over a more general one. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex.2000). The Government Code provides that general and specific provisions should be construed, if possible, to give effect to both, but when they cannot be reconciled, the specific provision should prevail. *See* TEX. GOV.CODE ANN. § 311.026 (Vernon 2005); *State v. Alley,* 137 S.W.3d 866, 868 (Tex.App.-Houston [1st Dist.] 2004), *aff'd,* 158 S.W.3d 485 (Tex.2005). In *Garcia–Udall v. Udall,* the Dallas Court of Appeals determined that section 153.0071 controlled over section 153.007, because section 153.0071 deals specifically with mediated settlement agreements, while section 153.007 deals generally with agreements "containing provisions for conservatorship and possession of the child." 141 S.W.3d 323, 331 (Tex.App.-Dallas 2004, no pet.). Like section 153.007, section 153.133 deals generally with agreements containing provisions for "joint managing conservatorship." Thus, as long as the settlement agreement complies with section 153.0071, its failure to include all the elements required under section 153.133 does not render it void.

Here, it is undisputed that the parties' agreement meets the requirements set forth in section 153.0071(d). Paragraph 10 of the agreement states *"THIS AGREEMENT IS NOT SUBJECT TO REVOCATION,"* and the agreement is signed by each party and by each party's attorney. We hold that the mediated settlement agreement meets the requirements of section 153.0071, and thus the trial court did not err in entering the order enforcing the parties' agreement.

## Trial Court's Failure to Determine Best Interest

■ Beyers next contends the trial court erred by failing to conduct a hearing to determine whether the mediated settlement agreement is in the children's best interest. Specifically, Beyers contends the Family Code and the common law create a duty on the trial court to conduct an evidentiary hearing to determine whether the parents' custody agreements are in the children's best interest in every case. Roberts responds that neither requires that a trial court conduct a best interest hearing, and it need not in cases in which the parents have agreed as to child custody arrangements, although it may choose to do so in its discretion. We agree.

■ Nothing in the statute requires that a trial court conduct a best interest hearing before entering an order pursuant to a mediated settlement agreement. Subsection (e) of section 153.0071 states that a party is entitled to judgment on a mediated settlement agreement so long as it satisfies the requirements of subsection (d).

Tex. Fam.Code Ann. § 153.0071(e).[3] Beyers relies on section 153.007, which refers generally to agreed parenting plans, and states in pertinent part that:

(b) If the court finds that the agreed parenting plan is in the child's best interest, the court shall render an order in accordance with the parenting plan.

. . . .

(d) If the court finds the agreed parenting plan is not in the child's best interest, the court may request the parties to submit a revised parenting plan or the court may render an order for the conservatorship and possession of the child.

*See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 147–48, *amended by* Act of May 25, 1995, 74th Leg., R.S., ch. 751, § 26, 1995 Tex. Gen. Laws 3889, 3899 (amended non-substantively 2005) (current version at Tex. Fam. Code Ann. § 153.007 (Vernon Supp.2005)).[4] This section does not require that the court conduct a best interest hearing for mediated settlements; rather, it outlines what the trial court must or may do upon making such a determination with respect to agreed parenting plans generally. Subsection (d) provides the court with discretion to modify a proposed order in the event the court determines it is not in the child's best interest, but it does not require the court to do so. We agree with the Dallas Court of Appeals that section 153.007 is inapplicable to mediated settlement agreements, because section 153.0071 deals specifically with such agreements. *Udall,* 141 S.W.3d at 331. Although a trial court may do so if presented with proper facts, we conclude that nothing in section 153.0071 requires best interest hearings in every case of a mediated settlement agreement. *See* Former Tex. Fam.Code Ann. § 153.0071.

■ Furthermore, nothing in the common law creates a duty to determine best interest in every case in which the parents have reached a settlement of their child custody disputes. Trial courts have discretion to void all or part of a mediated settlement agreement if the court determines it is not in the child's best interest. *See Udall,* 141 S.W.3d at 331 (rejecting argument that trial court had discretion to modify order under Family Code section 153.007, but stating trial court has authority not to enforce agreements for best interest considerations); *Leonard v. Lane,* 821 S.W.2d 275, 277 (Tex.App.-Houston [1st Dist.] 1991, writ denied) ("The court has the right to act in the best interest of the child, notwithstanding any agreements of the parties."). However, courts have not held that the policy favoring children's best interest requires that trial courts determine best interest when the parties have settled their disputes, in every case.

The San Antonio Court of Appeals recently held that a trial court did not err in failing to conduct a best interest hearing where the parties waived their right to challenge best interest in a binding arbitration agreement. *In the Interest of C.A.K.,* 155 S.W.3d 554, 560 (Tex.App.-San Antonio 2004, pet. denied). The court also

---

**3.** We note that subsection (e–1), which was added in 2005, states that a court *may* decline to enter judgment based on a mediated settlement agreement if the court determines the agreement is not in the child's best interest. Tex. Fam.Code Ann. § 153.0071(e–1) (Vernon 2005). That subsection does not apply here because the motion to modify was not pending before the trial court when the subsection

took effect, so we need not decide whether this new subsection creates a duty to conduct a best interest hearing in all cases. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 916, §§ 7, 26, 2005 Tex. Gen. Laws 3148, 3150, 3155.

**4.** Because the 2005 amendments do not affect our analysis, we cite to the current version of the statute.

held that allowing parties to contract away their right to challenge best interest did not violate public policy given the alternate policy encouraging "peaceful resolution of disputes, particularly those involving the parent-child relationship, including mediation of issues involving conservatorship, possession and child support." *Id.* In so doing, the court rejected the argument that trial courts have an independent duty to hold a best interest hearing under section 153.0071(b), where the complaining party had failed to obtain a ruling on her motion for a hearing. *Id.* at 561. Section 153.0071(b) states that "[i]f the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child." Tex. Fam.Code Ann. § 153.0071(b). The Legislature added subsection (e–1) to the statute in 2005, providing that "[n]otwithstanding Subsections (d) and (e), a court may decline to enter a judgment on a mediated settlement agreement if the court finds that ... the agreement is not in the child's best interest," thus expressly allowing a trial court to conduct a best interest hearing in its discretion. *Id.* § 153.0071(e–1). The statute did not contain such provisions with regard to mediated settlement agreements at the time the order was entered in this case. *Compare* Former Tex. Fam. Code Ann. § 153.0071(d), (e) *with* Tex. Fam. Code Ann. § 153.0071(d), (e), (e–1). Consistent with the San Antonio Court of Appeals's conclusion that no independent duty to conduct a best interest hearing exists in cases of binding arbitration, even though a trial court has authority to do so under section 153.0071(b), we similarly conclude no such duty exists here, where subsections (d) and (e) under the prior version of section 153.0071 did not require a best interest analysis.

Beyers further contends the agreement is subject to trial court approval, thus requiring the court to hold a best interest hearing. The agreement is "subject to the Court's approval," but not "subject to the court determining the agreement is in the children's best interest." The trial court's approval is that contemplated as part of the mediated settlement agreement statute. *See* Tex. Fam.Code Ann. § 153.0071(e) ("If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement."). Beyers was present throughout the mediation, and thus had every opportunity to ensure the agreement was in the children's best interest, or determine that a court should decide whether the agreement was in the children's best interest as a part of the agreement. Instead, he chose to enter into an agreement that is "not subject to revocation." "If parties were free to repudiate their agreements, disputes would not be finally resolved and traditional litigation would recur ... but if a voluntary agreement that disposes of the dispute is reached, the parties should be required to honor the agreement." *In the Matter of the Marriage of Ames,* 860 S.W.2d 590, 592 (Tex.App.-Amarillo 1993, no writ). Accordingly, under the facts presented, we hold the trial court did not err in failing to hold a best interest hearing.

### Strict Compliance

■ In his third issue, Beyers contends the trial court erred in rendering an order that was not in strict compliance with the settlement agreement, and in refusing to rescind the agreement for mutual mistake. Specifically, Beyers contends the settlement agreement specified that C.A.B. would attend Emmanuel Lutheran School starting in January 2004, while the court's order provides that C.A.B. would attend Central Christian Academy

through the end of the 2003–2004 school year. Beyers then argues that, because it was impossible for C.A.B. to attend Emmanuel Lutheran starting in January 2004, the settlement agreement should have been rescinded for mutual mistake. Roberts responds that the parties discovered it would be impossible for C.A.B. to attend Emmanuel Lutheran due to the school's full enrollment and agreed, before the court entered the order, that C.A.B. would continue at Central Christian until the end of the school year. Roberts contends the trial court's order reflects the parties' mutual agreement, made pursuant to the decision-making procedures set forth in the agreement.

■ The mediated settlement agreement in this case met all of the requirements of the Family Code to bind the parties; thus, Beyers was entitled to judgment on the terms of the agreement. TEX. FAM.CODE ANN. § 153.0071(d), (e). In *Vickrey v. American Youth Camps, Inc.*, the Texas Supreme Court held that a final judgment founded upon a settlement agreement must be in strict and literal compliance with the agreement. 532 S.W.2d 292, 292 (Tex.1976). Modifications to settlement agreements are typically grounds for reversal, however, only where they add terms, significantly alter the original terms, or undermine the intent of the parties. *See Keim v. Anderson,* 943 S.W.2d 938, 946 (Tex.App.-El Paso 1997, no pet.) (finding reversible error where trial court added provision requiring husband to pay $3,500 of wife's attorney's fees); *In the Matter of the Marriage of Ames,* 860 S.W.2d at 592–93 (holding trial court erred where it added terms which "differed significantly from the settlement agreement"). In *In re Marriage of Nolder,* the Texarkana Court of Appeals modified a provision of a Rule 11 settlement agreement awarding the wife 55% of the

husband's stock options where the husband failed to disclose that he had already exercised the options and sold the stock. 48 S.W.3d 432, 434–35 (Tex.App.-Texarkana 2001, no pet.). The court held that because it was impossible for the trial court to enforce the terms of the agreement, it was entitled to modify the agreement and render a judgment awarding the wife 55% of the cash value of the in-kind options. *Id.*

Similarly, here, it was impossible for C.A.B. to attend Emmanuel Lutheran, as the class was full. The final order explicitly states that "[a]lthough the parties agreed that [C.A.B.] shall attend Immanuel [sic] Lutheran School, Houston, Texas beginning January 2004, there is no opening for [C.A.B.] at said school. Accordingly, the parties agree that [C.A.B.] shall continue to attend his current school (Central Christian Academy) through the 2003–2004 school year." Furthermore, the issue is moot because the school year in question has ended, and at the time the trial court entered its order the school year had begun with C.A.B. attending Central Christian. We hold the trial court did not err in modifying the order due to the impossibility of performing the settlement agreement as written.

■ Moreover, when mutual mistake is alleged, the party claiming relief must show what the parties' true agreement was and that the instrument incorrectly reflects that agreement because of a mutual mistake. *Estes v. Republic Nat'l Bank of Dallas,* 462 S.W.2d 273, 275 (Tex.1970); *Marcuz v. Marcuz,* 857 S.W.2d 623, 627 (Tex.App.-Houston [1st Dist.] 1993, no writ). Beyers makes no attempt to show what the parties' true agreement was, but from the language of the settlement agreement, it appears the parties' intention was that C.A.B. start school at Emmanuel Lutheran as soon as possible. Once the court

discovered it was impossible for C.A.B. to begin in January 2004, it simply changed the start date to the fall of 2004, which was the soonest possible date he could begin attending the school. The trial court's slight modification of the agreement to change C.A.B.'s start date at the new school was a proper remedy. Accordingly, we hold the trial court did not err in failing to rescind the entire agreement.

## Conclusions of Law

In his fourth issue, Beyers complains that the trial court erred in entering a conclusion of law that is factually incorrect. Specifically, he contends that Conclusion of Law 1, which states "[t]he relief requested by Jeanette F. Roberts to modify the prior order dated June 5, 1998 is hereby granted," is erroneous because the court did not in fact grant all the relief Roberts requested.

We review a trial court's conclusions of law as legal questions, de novo, and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belgium v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002); *In re Moers,* 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, no pet.). If we determine that a conclusion of law is erroneous, but that the trial court nevertheless rendered the proper judgment, the error does not require reversal. *BMC Software,* 83 S.W.3d at 797. The trial court modified its initial custody order and granted relief; thus, the trial court's conclusion that it did so is not error.

## Conclusion

We hold (1) the failure to designate a parent with the right to determine the children's primary residence did not render the mediated settlement agreement void, (2) the trial court was not required to conduct a hearing to determine if the set-

tlement agreement was in the children's best interest, (3) any issue as to the trial court's modification of the school start date is moot, and such modification does not render the overall court order invalid, and (4) the trial court did not err in entering its conclusions of law. Accordingly, we affirm the judgment of the trial court. All pending motions are denied as moot.