

**NUMBER 13-07-00207-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ROSALINDA OLIVA SANCHEZ,**  **Appellant,**

**v.**

**MARIO ALONZO SANCHEZ,**  **Appellee.**

---

**On appeal from the 404th District Court
of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

This is an appeal from a final order entered in a divorce action. By three issues, appellant, Rosalinda Oliva Sanchez, contends that the trial court erred in approving and signing a consent decree that did not conform to the settlement agreement and that the trial court abused its discretion when it refused to grant her motion to set aside the decree

or to correct, reform or modify the decree. Because the judgment fails to include terms that were part of the settlement agreement, we affirm in part and reverse and remand in part.

## I. Factual and Procedural Background

Appellee, Mario Alonzo Sanchez, filed a petition to adjudicate parentage and an original petition for divorce. Appellant answered and filed a counter-claim for divorce. On October 10, 2006, the parties appeared before the trial court and announced that they had reached an agreement. Appellee's counsel stated the terms of the agreement on the record, and appellant testified that she agreed with the terms presented. The trial court then found it had jurisdiction, granted the divorce, and accepted the agreement of the parties. The final decree of divorce was signed and entered on December 19, 2006. Appellant filed a motion to set aside the decree or, in the alternative, to correct, reform or modify it, urging that the divorce decree did not conform with the agreement on certain essential issues. The motion was overruled by operation of law, *see* TEX. R. CIV. P. 329(b)(c), and this appeal ensued.

## II. Terms of the Settlement Agreement

By her first and third issues, appellant contends that the trial court erred when it signed a consent decree that did not conform to the settlement agreement. Both issues center on the trial court's decree allegedly omitting or modifying terms of the settlement agreement.

### A. Applicable Law

A settlement agreement between parties is enforceable if it is written and filed as part of the record or if it is recited in open court. TEX. R. CIV. P. 11. These agreements are binding on the parties. *McLendon v. McLendon,* 847 S.W.2d 601, 605 (Tex. App.–Dallas

2

1992, writ denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979)). A final judgment rendered upon a settlement agreement must be in strict and literal compliance with the agreement. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 293 (Tex. 1976) (per curiam); *Donzis v. McLaughlin*, 981 S.W.2d 58, 63 (Tex. App.–San Antonio 1998, no pet.); *see Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 872 (Tex. 1939).

If the terms of the trial court's judgment conflict with the terms of the settlement agreement, the judgment is unenforceable. *Clanin v. Clanin*, 918 S.W.2d 673, 678 (Tex. App.–Fort Worth 1996, no writ). A court "cannot render a valid agreed judgment absent consent at the time it is rendered." *Padilla v. LaFrance*, 907 S.W.2d 454, 461-62 (Tex. 1995); *see Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam). As a general rule, a court's modifications to settlement agreements are grounds for reversal where the modifications "add terms, significantly alter the original terms, or undermine the intent of the parties." *Beyers v. Roberts*, 199 S.W.3d 354, 362, (Tex. App.–Houston [1st Dist.] 2006, pet. denied) (citing *Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex. App.–El Paso 1997, no pet.); *In re Marriage of Ames*, 860 S.W.2d 590, 592-93 (Tex. App.–Amarillo 1993, no writ)).

## B. Analysis

Appellant contends that the trial court specifically erred in failing to address the parties' agreement as to the following: (1) the division of proceeds from the sale of Doctor's Hospital in Mercedes, Texas, and of income from the sale of "El Caribe Estates"; (2) the division of debts; (3) the provision of a life insurance policy; (4) the allocation of the

3

children's health insurance and health care expenses; (5) child custody; and (6) spousal maintenance/contract alimony. Appellant does not complain of the trial court's order decreeing that appellant and appellee are divorced.

### 1. Property Division

Appellant asserts, and we agree, that the trial court rendered a judgment containing some, but not all, of the recited terms of the agreement regarding the division of community property. The omitted terms included, among others, that appellee was to provide accountings for the sale of Doctor's Hospital and for the net income received from the sale of "El Caribe Estates." The record also supports the fact that the parties agreed to split deposits equally. In addition, appellee was to provide a life insurance policy to cover appellee's remaining division of property obligation should something happen to him. Even if appellant agreed to the terms that were included in the final decree, nothing in the record establishes that appellant consented to the property division absent the inclusion of these terms, among others. A trial court has authority to divide the community estate to the extent not set forth in the settlement agreement. *See Clanin*, 918 S.W.2d at 677-78 (citing *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex. App.–Corpus Christi 1988, writ denied)). However, in this case, the final decree failed to include terms regarding the division of property and how that division was to be supported and secured, terms to which the parties had agreed. We conclude appellant's complaints here have merit.

### 2. Children's Health Insurance

Appellant also complains of the decree's provisions related to the children's health insurance and health care expenses. She contends, and the record establishes, that the parties had agreed that appellee would purchase a health insurance policy with a low

4

deductible for the children. The decree specifically orders appellee "to provide and maintain health insurance for each child [through] Valley Baptist Health Plans." However, prior documentation of such plan was not provided to appellant for her review. Appellant contends that appellee agreed to provide her with a copy of the insurance policy, presumably to determine whether it was a low deductible policy, but did not do so. Thus, she asserts the terms of the agreement were not correctly reflected in the decree when it only named the plan, without allowing for her review. Appellant's counsel stated on the record that appellee had agreed to provide appellant the insurance policy for review to see if it comports with what the parties had agreed to in open court; however, appellant did not provide testimony to this effect. Nonetheless, the decree also orders both appellee and appellant to provide insurance coverage for the children and does not reflect that appellee will provide a low deductible policy, as agreed. Therefore, appellant's arguments regarding health insurance coverage for the children have merit.

### 3. Children's Health-Care Expenses

Appellant further complains that the final decree included numerous paragraphs regarding the children's health care; paragraphs that the trial court improperly added in its judgment because they were not a part of the agreement. However, the trial court is required to allocate between the parties the reasonable health care expenses of a child that are not reimbursed by health insurance. *See* TEX. FAM. CODE ANN. § 154.183(c) (Vernon Supp. Pamph. 2008). Therefore, although the parties did not address the issue of health care expenses in their settlement agreement, the trial court was required to allocate these expenses and properly did so. *See id.* We conclude appellant's arguments related to such health care expenses have no merit.

5

### 4. Child Custody and Spousal Maintenance/Contract Alimony

Appellant also appears to challenge the child custody and the spousal maintenance/contract alimony portions of the decree by incorporating facts that attempt to establish a discrepancy between what was agreed upon in open court and what was set out in the decree. However, appellant's motion to set aside or modify the decree did not assert these arguments. Because appellant did not timely raise below the challenges she now asserts on appeal regarding child custody and spousal maintenance/contract alimony, she has not preserved them for our review. *See* TEX. R. APP. P. 33.1(a)(1).

In summary, the record ultimately shows that the trial court's order did not include all that the parties had agreed to. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam). The trial court approved the settlement agreement and was bound to render judgment that strictly complied with the terms of the agreement. *See Vickrey*, 532 S.W.2d at 293. As discussed above, the judgment was not "in strict or literal compliance" with the terms recited into the record, because the judgment improperly removed or modified material terms. *Vickrey*, 532 S.W.2d at 292. The complained-of provisions are essentially modifications that altered the original agreed-upon terms and undermined the intent of the parties. *See Beyers*, 199 S.W.3d at 362. Because the judgment does not comply with the terms read into the record, we sustain points of error one and three with respect to property division issues and to the children's health insurance coverage issues. However, issues one and three are overruled to the extent that appellant complains of the trial court's inclusion of provisions regarding: (1) payment of health-care expenses not reimbursed by health insurance; (2) child custody; and (3) spousal maintenance/contract alimony.

6

III.  Motion for Set Aside or to Correct, Reform, or Modify Decree

By her second issue, appellant contends that the trial court abused its discretion when it refused to grant her motion to set aside or to modify the decree.  However, because we have determined that this must be remanded for entry of a judgment in accordance with the parties' settlement agreement, we need not address appellant's remaining issue as it is not dispositive of this appeal.  *See*  Tex. R. App. P. 47.1.

IV.  Estoppel

In response to appellant's issues, appellee asserts that appellant is estopped from appealing under the acceptance of benefits doctrine.  *See Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951) (providing that a party may not voluntarily accept the benefits of a judgment and attack it on appeal at the same time).  Appellee asserts that since the entry of the consent decree appellant has received one-half of the sales proceeds of the Doctor's Hospital, monthly contractual alimony payments, and proof of the life insurance policy protecting her for appellee's remaining alimony obligations.  He explains that appellant has been provided with proof of insurance coverage for the children of the marriage, that the debts of the parties have been distributed among the parties and paid by the respective party, and that the dispute as to the reimbursement of payment made by appellee for the utilities deposit and utilities is now moot because appellant no longer resides at her prior residence and appellee did not incur those expenses.

Regarding the division of income from the sale of "El Caribe Estates," appellee states that this matter is in separate litigation of which appellant is aware, and until this litigation is resolved, the sale of any lots at this subdivision is not permitted.  Based on these recited facts, appellee contends that all benefits complained of by appellant have

7

been paid, received or resolved and that, by accepting a substantial portion of the benefits she now seeks to attack, appellant is estopped from appealing this case. However, appellee does not support his asserted facts with citations to the record, and we find nowhere in the record where these details are, in fact, supported. Therefore, we do not accept appellee's estoppel argument. *See* TEX. R. APP. P. 38.2.

## V. Conclusion

The judgment of the trial court is affirmed as to the granting of the divorce but, regarding exclusion and modification of terms in the agreement, is reversed and remanded to the trial court for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 28th day of August, 2008.

8