Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00247-CV

———————————

Sean August Mueller,
Appellant

V.

Alana Nicole Mueller, Appellee



 



 

On
Appeal from the 310th District Court

Harris
County, Texas



Trial Court Case No. 2009-41780

 



 

MEMORANDUM OPINION

Appellant, Sean August Mueller, brings
this restricted appeal complaining of the trial court’s rendition of a final
decree of divorce from appellee, Alana Nicole Mueller.  In three issues, Sean argues the trial court
erred by (1) not rendering decree in conformity with the parties’ mediated
settlement agreement and (2) including an award of child support arrearage in
the decree when Alana failed to plead for such relief in her petition.

We affirm, in part, and reverse and remand, in part.

                                                                                                       
Background

Sean and Alana were married in August 2006.  In July 2009, Alana filed a petition for
divorce, and Sean filed a counter-petition. 
Some time later, the trial court referred the
parties to mediation.  On April 12, 2010,
the parties entered into a mediated settlement agreement.  The settlement agreement apportioned the
property between the parties and established the custody matters for their son.

After the mediated settlement agreement was signed, Sean
began repeatedly breaching it, including failing to deliver money to Alana on
the day following the agreement. 
Nevertheless, on June 10, 2010, Sean filed a motion to render a final
decree of divorce in conformity with the settlement agreement and set a hearing
on the motion.  

Shortly afterwards, Sean’s attorney filed a motion to
withdraw, which the trial court granted. 
Sean had no further involvement in the case.

Alana subsequently filed a motion to set aside the
mediated settlement agreement, alleging fraud. 
At the hearing, Alana identified Sean’s numerous breaches of the
mediated settlement agreement and asked the trial court to set it aside.  The trial court granted the motion on August
30, 2010.

On September 23, 2010, the trial court conducted a trial
on the petitions for divorce.  Alana and
the amicus attorney appeared.  The trial
court signed the final decree of divorce on September 23, 2010.  The final decree of divorce did not reflect
the agreement in the mediated settlement agreement.  It also included in the decree an award of
child support arrearages, which Alana had not pleaded for in her petition.

Sean filed his notice of restricted appeal on March 14,
2011.

                                                                                              
Restricted Appeal

A party can prevail in a restricted appeal only if (1) it
filed notice of the restricted appeal within six months after the decree was
signed; (2) it was a party to the underlying lawsuit; (3) it did not
participate in the hearing that resulted in the decree complained of and did
not timely file any post-decree motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record.  Ins. Co. of Pa. v. Lejeune, 297 S.W.3d
254, 255 (Tex. 2009); see Tex. R. App. P. 26.1(c), 30.  The face of the record consists of all the
papers on file in the appeal.  See
Norman Commc’ns v. Tex. Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997) (stating that review by restricted appeal affords
appellant same scope of review as ordinary appeal, which is review of entire
case).

Here, it is undisputed that Sean filed his notice of
restricted appeal within six months after the decree was signed; that he was a
party to the underlying lawsuit; that he did not participate in the hearing
that resulted in the default decree, which is the decree complained of; and
that he did not timely file any post-decree motions or requests for findings of
fact and conclusions of law.  The only element
remaining is whether error appears on the face of the record.

                                                                      
Mediated Settlement Agreement

In his first issue, Sean argues that Alana failed to
present the trial court a sufficient basis to set aside the mediated settlement
agreement.  In his second issue, Sean
argues the trial court erred in granting Alana a decree not in conformity with
the mediated settlement agreement.

A.            
Standard of Review

Whether a mediated settlement agreement
complies with the statutory requirement—entitling a party to its enforcement—is
a legal question, which we review de novo.  Spiegel
v. KLRU Endowment Fund, 228 S.W.3d 237, 241 (Tex. App.—Austin 2007, pet.
denied).  If party moves to set aside a
settlement agreement for other reasons, however, we review the trial court’s
decision for an abuse of discretion.  In re C.H., Jr., 298 S.W.3d
800, 804 (Tex. App.—Dallas 2009, no pet.).

B.            
Analysis

In both a divorce action and a suit affecting the
parent-child relationship, the parties can enter into a mediated settlement
agreement.  Tex. Fam. Code Ann. § 6.602(b) (Vernon 2006), § 153.0071(d) (Vernon 2008).  Both statutes provide that a mediated
settlement agreement is binding on the parties if the agreement:

(1)     provides,
in a prominently displayed statement that is in boldfaced type or capital
letters or underlined, that the agreement is not subject to revocation;

(2)     is signed by each party to the agreement; and

(3)     is signed by the party’s attorney, if any, who is present at
the time the agreement is signed.

Id.
§§ 6.602(b), 153.0071(d). 
Both statutes also provide that if a mediated settlement agreement meets
the above requirements, “a party is entitled to judgment on the mediated
settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure,
or another rule of law.”  Id. §§ 6.602(c),
153.0071(e).

Settlement agreements complying with section 6.602 and
153.0071 are immediately enforceable, not subject to repudiation by a party,
and, with certain limited exceptions, binding on the trial court without
approval or determination of whether the agreement's terms are just and right.  See In
re Marriage of Joyner, 196 S.W.3d 883, 889 (Tex. App.—Texarkana 2006, pet.
denied); Cayan v. Cayan, 38
S.W.3d 161, 164–66 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

The mediated settlement agreement prominently stated that
the agreement was not subject to revocation. 
This statement was bolded, underlined, and capitalized.  The agreement was signed by both Sean and Alana as well as their attorneys that were
present at mediation.  We hold Sean met
his burden of establishing he was entitled to judgment on the mediated
settlement agreement.  See Tex.
Fam. Code Ann. §§ 6.602(c),
153.0071(e).  

If a party establishes that he is entitled to judgment on
the mediated settlement agreement, it can only be set aside if the opposing
party establishes that the agreement was illegal or was procured by fraud,
duress, coercion, or other dishonest means.  Spiegel,
228 S.W.3d at 242. 
Otherwise, a trial court has no authority to enter a decree that varies
from the terms of a mediated settlement agreement. Cf. Garcia–Udall v. Udall, 141 S.W.3d
323, 332 (Tex. App.—Dallas 2004, no pet.) (concluding
that trial court abused its discretion by entering decree not conforming with
MSA in suit affecting parent-child relationship).

Alana asked the trial court to set aside the mediated
settlement agreement on an allegation of fraud. 
Her basis for fraud was Sean’s numerous and repeated breaches of the
settlement agreement in the intervening time between the signing of the
agreement and the hearing on the motion to set aside the agreement.  

Sean argues that breaching a contract cannot be a basis
for fraud.  This is not entirely
true.  “A promise of future performance
constitutes an actionable misrepresentation if the promise was made with no
intention of performing at the time it was made.”  Formosa Plastics Corp. v. Presidio Eng’rs
& Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998).  “[A] party’s
intent is determined at the time the party made the representation, [but] it
may be inferred from the party’s subsequent acts after the representation is
made.”  Spoljaric v. Percival Tours, Inc.,
708 S.W.2d 432, 434 (Tex. 1986).  “While
breach of the contract alone is not evidence that a party did not intend to
perform, ‘breach combined with “slight circumstantial evidence” of fraud’ is
some evidence of fraudulent intent, enough to support a verdict.”  Aquaplex, Inc. v. Rancho La Valencia, Inc., 297
S.W.3d 768, 775 (Tex. 2009) (quoting Tony
Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299,
305 (Tex. 2006)).  

Alana fails to cite to any portion of the record that
would constitute “slight circumstantial evidence” to accompany evidence of
Sean’s breaches.  Nor have we found any
such evidence in our review in the record. 
Without this, the trial court could not have set aside the mediated
settlement agreement on the basis of fraud. 
Id.  

On appeal, Alana argues that the trial court still has
discretion to review the agreement and a duty to act in the best interest of
the child.  She argues the trial court
did not simply have a ministerial duty to render a decree in conformity with the
mediated settlement agreement.  See In re Kasschau,
11 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding)
(holding trial court has discretion to review settlement agreement before rendering
decree and rendition of decree is not ministerial duty).  

While the duty to render a decree based on the settlement
agreement is not ministerial, this does not mean it is not a duty.  A trial court has the discretion to review
the settlement agreement to ensure that it is in conformity with the applicable
statutes.  See In re Marriage of Joyner, 196 S.W.3d
at 889.  And, if raised by the opposing
party, the trial court has the discretion to review the settlement agreement
for illegality, fraud, duress, coercion, or other dishonest means.  Spiegel,
228 S.W.3d at 242. 
Those are the limits of the trial court’s discretion, however.

Similarly, nothing in section 153.0071 requires a trial
court to conduct a best interest hearing before rendering decree in conformity
with the mediated settlement agreement.  Beyers v. Roberts, 199 S.W.3d
354, 359 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  Nor did Alana present any evidence, at trial
or on appeal, to establish that rendition of a decree in conformity with the
mediated settlement agreement that she signed would not be in the best interest
of the child.  Accordingly, this cannot
be a basis to support the trial court’s determination to set aside the mediated
settlement agreement.

We sustain Sean’s first and second issues.

                                                                                  
Child Support Arrearage

In his third issue, Sean argues the trial court erred by
including in the decree an award of child support arrearage when Alana failed
to plead for such relief in her petition.

We begin by noting that Sean agreed in the mediated
settlement agreement to pay child support “starting May 1, 2010.”  This is one of the many breaches Sean
committed.  As of the time of rendition
of the decree, the amount of past-due child support owed was $6,000.  The portion of the decree awarding Alana this
past-due amount, then, is in conformity with the mediated settlement agreement.

Further, under the statute for mediated settlement
agreements in suits affecting the parent-child relationship, a party is
entitled to judgment on the agreement “notwithstanding Rule 11, Texas Rules of
Civil Procedure, or another rule of law.” 
Tex. Fam. Code
Ann. § 153.0071(e).  Even when a mediated settlement agreement is
not involved, “[d]etailed pleadings are not required
in suits affecting the parent-child relationship, because the paramount concern
of the court is the best interests of the child, and therefore, the technical
rules of pleading and practice are of little importance.”  Aguilar v. Barker, 699 S.W.2d 915, 917 (Tex. App.—Houston [1st
Dist.] 1985, no writ).  A party
cannot avoid portions of a mediated settlement agreement simply because the
parties agree to matters beyond what is addressed in their pleadings.

We overrule Sean’s third issue.

                                                                                                          
Conclusion

We reverse the decree of the trial court to the degree it
conflicts with the mediated settlement agreement.  We affirm the award of child support
arrearage in the decree because it does not conflict with the mediated
settlement agreement.  We remand this
case to the trial court for rendition of a decree in conformity with the
mediated settlement agreement.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Chief Justice Radack and Justices Higley and Brown.