**Affirmed and Opinion Filed October 4, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00647-CV

### IN THE INTEREST OF M.L.R.

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-51554-2013**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Whitehill
Opinion by Justice Bridges

The underlying SAPCR proceedings involved a divorce, custody of one child through the marriage, a property division, and a mediated settlement agreement (MSA) entered into by the parties on December 22, 2014. The trial court entered the final divorce decree on April 23, 2015. On appeal, Mother argues the trial court abused its discretion by (1) entering a temporary order for child support; (2) denying Mother's motions to vacate the MSA and abate without a hearing; and (3) entering the divorce decree. We affirm the trial court's judgment. Because the underlying facts are well-known to the parties, we include only those procedural facts necessary for disposition of the appeal. TEX. R. APP. P. 47.1.

### Jurisdiction

We begin by determining whether this Court has jurisdiction over the appeal. By letter dated November 12, 2015, we questioned the timeliness of the notice of appeal filed on May 20, 2015 because the clerk's record contains a "Final Judgment" dated January 20, 2015; however,

the divorce decree subject to this appeal was signed on April 23, 2015. If the January 20, 2015 "Final Judgment" disposed of all claims, then Mother's notice of appeal is untimely and we do not have jurisdiction. *See* TEX. R. APP. P. 26.1(a) (notice of appeal must be filed within thirty days after judgment is signed except in circumstances not applicable under these facts). We requested both parties brief this issue.

Mother responds we have jurisdiction because the January 20, 2015 "Final Judgment" only disposed of a third-party intervenor's claims and despite language within the order, it was not a final appealable judgment. Father agrees with Mother's argument.

An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims. *Id*. Thus, an order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties. *Id*. An order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the judgment. *Id*.

To determine whether a judgment disposes of all pending claims and parties, we may look to the record in the case. *Id*. at 205–06. If the record reveals the existence of parties or claims not mentioned in the judgment, the judgment is not final. *Id*.

Here, the trial court signed a "Final Judgment" granting Intervenor's (Mother's former attorneys) plea in intervention and summary judgment and awarding attorneys' fees against Mother. The judgment did not dispose of any of Father's pending counterclaims, which at the time included an original counter-petition for divorce in which he sought a divorce, a temporary

–2–

injunction, and attorneys' fees, expenses, and costs. Thus, the record indicates the existence of a party and claims not mentioned in the "Final Judgment." Accordingly, the January 20, 2015 "Final Judgment" was not final for purposes of appeal. The appeal became final when the trial court signed the final divorce decree on April 23, 2015. Because Mother timely filed her notice of appeal as to this order, we agree with the parties that this Court has jurisdiction.

**Temporary Order for Child Support**

In her first issue, Mother complains the trial court abused its discretion by entering a temporary order for child support that was not supported by sufficient evidence. Specifically, she argues the language within the MSA does not require her to provide child support for failing to disclose financial records, and the evidence is legally insufficient to establish support was needed for the safety and welfare of the child. Father responds these complaints are moot.

It is well-settled a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order. *See In re A.K.*, 487 S.W.3d 679, 684 (Tex. App.—San Antonio 2016, no pet.); *Erlewine v. Erlewine*, No. 03-06-00308-CV, 2007 WL 2462042, at *2 (Tex. App.—Austin Aug. 29, 2007, no pet.) (mem. op.) (concluding temporary order modifying child support was no longer in effect when superseded by final judgment and complaint about modification was moot); *see also Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no writ). Here, the trial court signed a temporary order on January 13, 2015 in which it found Mother was noncompliant with the MSA because she failed to provide certain financial disclosures. The court ordered Mother to pay $1,000 per month in support "due and payable on the first day of the month." The final divorce decree signed on April 23, 2015 resolved temporary orders and stated Mother and Father were "discharged from all further liabilities and obligations imposed by all prior temporary orders of this Court except for payment of the Amicus Attorney fees for Jennifer Richardson as specified herein." Because the trial court

–3–

entered a final judgment, the temporary orders are moot and not subject to review on appeal. *See In re A.K.*, 487 S.W.3d at 684; *see also Wright*, 749 S.W.2d at 234. Further, because Mother is no longer subject to the trial court's temporary order, any action we might take to affirm or reverse that order would have no effect. *See In re A.T.M.*, No. 12-07-00243, 2009 WL 1492832, at *2 (Tex. App.—Tyler May 29, 2009, pet. denied) (mem. op.).

In reaching this conclusion, we reject Mother's argument that this temporary order should be treated differently because it involved the payment of child support in the interim before the divorce decree became final. She asserts that because the trial court erred by entering the temporary order, she is entitled to challenge and assert her right to recoupment of her payments. Mother has not cited this Court to any authority supporting her position to ignore the well-established rule.

We likewise note that Mother did not challenge Father's motion to confirm her noncompliance with financial disclosure required by the MSA and his request for temporary orders. Rather, she filed a motion to "vacate or abatement of mediation judgment because of duress, mistakes, excusable neglect, newly discovered evidence, and misconduct and fraud." Her motion did not respond to Father's arguments seeking enforcement because of her failure to turn over financial documents. She never argued, as she now argues on appeal, that the trial court's order requiring her to pay child support was based on an erroneous construction of the MSA or that the temporary order amounted to a discovery sanction. Moreover, during the hearing on Father's motion, Mother's attorney focused on the fact that Mother had turned over some of the financial documents and questioned why those documents were not enough for compliance with the MSA. Mother never argued that Father's interpretation of the MSA was incorrect. To raise an issue on appeal, a party must make a timely and specific objection to the

trial court. *See* TEX. R. APP. P. 33.1. Thus, even if Mother could challenge this temporary order, she failed to raise her arguments to the trial court. Mother has not preserved her issue for review.

Finally, a challenge to temporary orders—including orders for temporary support of the child in a suit affecting the parent-child relationship—is allowed through mandamus. *See In re Todd*, No. 14-15-00412-CV, 2015 WL 4249799, at *3 (Tex. App.—Houston [14th Dist.] July 14, 2015, no pet.) (citing *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex.1993) (orig. proceeding)) (recognizing temporary orders are not subject to interlocutory appeal but mandamus is appropriate because there is no adequate remedy by appeal). Mother could have, but did not, challenge the temporary order by mandamus. We overrule Mother's second issue.

## Motion to Vacate and Abate MSA

Mother argues in her second issue that the trial court abused its discretion by denying, and failing to hold a hearing on, her motions to vacate and abate the MSA for settlement negotiations. She specifically claims the trial court abused its discretion because it waived the three-day notice requirement before ruling on her motion; the court ruled without conducting a full evidentiary hearing; her motion should have been liberally construed as a motion for continuance; and her motion was meritorious on its face without the need for additional evidence at a hearing. Father responds Mother waived her complaint regarding the three-day hearing notice requirement; her motion cannot be construed as a motion for continuance; and her evidence did not support a motion to vacate the MSA.

The record shows that on January 7, 2015, Father filed a motion to confirm Mother's noncompliance with financial disclosure required by the MSA. The trial court signed a notice of hearing the same day and set the motion for January 9, 2015. Mother filed a motion to vacate or abate the MSA on January 8, 2015. Father waived the three-day notice requirement for Mother's motion.

On the day of the hearing, the trial court first heard Father's motion. During the hearing, Mother's court-appointed attorney represented her. At the conclusion of testimony regarding Father's motion, the court addressed Mother's motion to vacate and asked her if she wanted to proceed on her own or with her court-appointed attorney. Her attorney stated he was not prepared to present the motion, but would defer to Mother. Mother indicated she was not sure she was ready to proceed. However, the court administrator stated Mother sent an email the day before the hearing expressing that she "fully intended on going forward" with her motion and she "would be waiving notice, so she should be prepared." The following exchange then occurred:

> THE COURT: All right. You filed it yesterday afternoon and both counsel have stated to the Court that they're willing to waive the three days' notice so, . . .
>
> [MOTHER]: Okay.

Mother made no further argument or objection regarding her motion. At the conclusion of the hearing, the trial court granted Father his requested relief and denied Mother's motion.

Mother argues the trial court sua sponte asked Father's counsel whether Father was willing to waive the three-day notice requirement but did not ask her the same. *See* TEX. R. CIV. P. 21(b). However, Mother made no clear objection that she lacked adequate notice of the hearing under rule 21. To preserve an issue for appellate review, a party must raise a timely and specific objection to the trial court. TEX. R. APP. P. 33.1. "This preservation requirement applies to a complaint that the appellant did not have adequate notice of a hearing as required by Rules 21 and 21a of the Texas Rules of Civil Procedure." *In re R.A.*, 417 S.W.3d 569, 581 (Tex. App.—El Paso 2013, no pet.). Moreover, the trial court referenced an email from Mother in which she indicated she fully intended to go forward with her motion. This indicated her willingness to go forward without the proper notice required under the rule. Thus, we conclude Mother failed to preserve her issue for review.

In reaching this conclusion, we are unpersuaded Mother's motion to abate should be liberally construed as a motion for continuance. Mother's motion does not ask for a continuance but rather in the alternative to vacating, modifying, or enforcing the MSA, asks for an "Abatement allowing time [for] the parties to get their lives back on track whether it be for school or a job, or time to negotiate a settlement." While she agrees her motion is not the "model of clarity," she asks the Court to "liberally construe" her motion.

We review and evaluate pro se pleadings "with liberality and patience," but we apply the same standards applicable to pleadings drafted by a lawyer. *In re A.D.A.*, 287 S.W.3d 382, 384 n.1 (Tex. App.—Texarkana 2009, no pet.). Texas Rule of Civil Procedure 251 states that a trial court shall not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Mother did not request a continuance, and even if we construed her motion to abate as a request for a continuance, she did not attach an affidavit in support as required by rule 251. When a movant fails to comply with rule 251's affidavit requirement, we presume the trial court did not abuse its discretion by denying the motion. *In re A.D.A.*, 287 S.W.3d at 386. Mother's second issue is overruled.

**The Divorce Decree**

Mother argues in her final issue that the trial court abused its discretion by entering the divorce decree because it differs substantially from the provisions of the MSA. She also alleges the permanent injunctions in the final decree were overbroad, unconstitutional restraints on her speech. Father responds Mother waived her arguments by failing to object to any omission, deletions, or substantially different wording between the MSA and divorce decree and by failing to object to the constitutionality of the injunctions.

A trial court has no authority to enter a judgment that varies from the terms of a mediated settlement agreement. *See Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976);

*Beyers v. Roberts*, 199 S.W.3d 354, 362 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A final judgment does not strictly comply with a settlement agreement when the trial court's judgment adds terms, significantly alters the original terms, or undermines the intent of the parties. *Beyers*, 199 S.W.3d at 362. However, to preserve a complaint of error in a judgment, a party must inform the trial court of its objection in a timely filed motion to modify, correct, or reform the judgment, motion for new trial, or some other similar method. *In re Estate of Bendtsen*, 230 S.W.3d 823, 831 (Tex. App.—Dallas 2007, pet. denied); *see also Murphy v. Leveill*e, No. 2-08-130-CV, 2009 WL 2619857, at *2 (Tex. App.—Fort Worth Aug. 26, 2009, no pet.) (mem. op.).

A review of the record indicates Mother did not raise any of her arguments challenging the alleged differences in the MSA and divorce decree to the trial court in any objection during a hearing or a motion to the court. As a prerequisite to presenting a complaint for appellate review, the record must show the complainant made a timely and specific objection or motion. *See* TEX. R. APP. P. 33.1(a)(1); *Brantley v. Brantley*, No. 14-11-00583-CV, 2012 WL 727700, at *2–3 (Tex. App.—Houston [14th Dist.] Mar. 6, 2012, no pet.) (mem. op.) (overruling complaint that modification order did not comply with MSA when mother failed to specifically object to the trial court about the inclusion of two specific items); *Murphy*, 2009 WL 2619857, at *2 (overruling complaint that trial court erred by signing a decree that varied from the MSA when party failed to raise arguments to the trial court). *But see Barina v. Barina*, No. 03-08-00341-CV, 2008 WL 4951224, at *3 (Tex. App.—Austin Nov. 21, 2008, no pet.) (mem. op.) (concluding party made trial court aware of complaints that proposed divorce decree was inconsistent with MSA and therefore preserved issue for review). This she failed to do. And while Mother attempts to argue she has not waived her arguments because she is challenging the sufficiency of the evidence, we are unpersuaded by her argument. Her arguments regarding the

omission, addition, or substantially different wording between the MSA and divorce decree are challenges to alleged errors in the judgment and not challenges to the sufficiency of the evidence to support a judgment. Regardless, in the context of challenging differences between an MSA and divorce decree, one court has held that a complaining party failed to preserve its sufficiency challenge when he failed to object to the trial court. *See, e.g., Ward v. Ward*, No. 04-12-00703-CV, 2014 WL 470153, at *1–2 (Tex. App.—San Antonio Feb. 5, 2014, pet. denied) (mem. op.).

As to Mother's constitutional complaints challenging restraints on speech, such complaints must also have been asserted in the trial court to be raised on appeal. *See In re K.L.D.*, No. 12-10-00386-CV, 2012 WL 2127464, at *8 (Tex. App.—Tyler June 13, 2012, no pet.) (mem. op.) (concluding free speech complaint waived when party failed to object to modification of SAPCR ordering parents to refrain from communicating); *see also In re C.S.*, 198 S.W.3d 855, 857 (Tex. App.—Dallas 2006, no pet.) ("Almost all trial errors, even constitutional error, is waived if appellant fails to object to the error at trial.").

Accordingly, because Mother did not preserve her complaints for review, we overrule her final issue.

## Conclusion

Having overruled Mother's issues, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

150647F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.L.R.

No. 05-15-00647-CV

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-51554-2013.
Opinion delivered by Justice Bridges.
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Stephen Reed recover his costs of this appeal from appellant Stacy Reed and from the cash deposit in lieu of surety bond. After all costs have been paid, the clerk of the District Courts of Collin County, Texas is directed to release the balance, if any, of the cash deposit to Stacy Reed.

Judgment entered October 4, 2016.