Richard J. CLANIN, Appellant,

v.

Frances CLANIN, Appellee.

No. 2–95–071–CV.

Court of Appeals of Texas, Fort Worth.

March 28, 1996.

John M. Groce, Fort Worth, for appellant.

Jeffery D. Gooch, Fort Worth, for appellee.

Before CAYCE, C.J., DAUPHINOT, J., and CHUCK MILLER, J. (Assigned).

## OPINION

CHUCK MILLER, Justice, Sitting by Assignment.

This is an appeal from an agreed decree of divorce. In five points of error, appellant Richard Clanin asserts the trial court erred in finding that the parties had entered into a valid agreement under Rule 11 of the Texas Rules of Civil Procedure; and, even if there was a valid agreement, appellant withdrew his consent prior to entry of the judgment. Also, appellant argues that the trial court added terms and provisions in the Final De-

cree of Divorce which were not part of the agreement reached by the parties. Although we hold that the agreement reached by the parties constituted a valid Rule 11 agreement whose material terms were included in the Final Decree of Divorce, we nonetheless remand the cause to the trial court for reformation of one provision of the decree.

After a petition and a counter-petition for divorce were filed, the parties appeared before an Associate Judge on September 7, 1994. At this hearing, the parties represented that they had entered into a settlement agreement regarding their divorce and related issues. Rather than dictating into the record the proposed agreement, the attorneys chose to enter the agreement into the record by direct and cross-examination of the parties. After hearing the testimony of the parties, the Associate Judge asked if the parties had signed a Rule 11 agreement. Appellee's attorney told the court that a Rule 11 agreement had not been signed at that point, but indicated to the court that an agreement had been written out. The handwritten agreement that appellee was referring to, and which appears in the record, reads:

Clanin v. Clanin & Interest of
Randall & Regina Clanin

*Rule 11 Agreement*

On the 7th day of Sept. 1994 came petitioner & respondent and pursuant to rule 11 of TRCP have agreed, settled and compromised cause # 324-207287-94 and caused the same to be recorded under oath by the court reporter in the 324 Associate Justice Court and the Hon. Patricia Andrews associate judge has approved the same and so ordered.

Signed & entered this the *7th* day of *September* 1994.

/s/ <u>Patricia B. Andrews</u>
Associate Judge

Approved as to Form & Content—

/s/ <u>*Frances G. Clanin*</u>

/s/ <u>*Gene de Bullet, Jr.*</u>

/s/ <u>*Richard Clainin*</u>

/s/ *Clint Oldham, atty.* Filed 9–07–94
PBA [initials]

The Associate Judge made a docket entry indicating the divorce was granted as per the Rule 11 agreement signed by the parties.

The Presiding Judge signed the Agreed Final Decree of Divorce on December 7, 1994. Appellant filed his Motion for New Trial on January 6, 1995. Corrected Findings of Fact and Conclusions of Law were filed on March 3, 1995. Appellant's Motion for New Trial was overruled by operation of law.

### Points of Error

Appellant asserts in his first point of error that the trial court erred in rendering and entering the Agreed Final Decree of Divorce because there was no agreement upon which the trial court could base its agreed decree. In point of error two, appellant argues that the evidence is either legally or factually insufficient to support the trial court's conclusion of law that the agreement was made in open court and entered of record and is a Rule 11 agreement. Appellant argues in point of error three that there was no valid agreement because he withdrew his consent to the agreement prior to rendition of the judgment. Appellant generally asserts in point of error four that the evidence was either legally or factually insufficient to support the divorce decree. In point of error five, appellant complains that the evidence was either legally or factually insufficient to support the trial court's finding that there was a written agreement which allowed the trial court to proceed with a Rule 11 evidentiary "prove up." Because all of appellant's points of error are related and depend on the Rule 11 agreement issue, we will address all five points together.

### Standard of Review

■■■ Because appellant couches his points of error in terms of sufficiency of the evidence, we will recount the now-familiar standard of review. In a case tried to the court, findings of fact have the same force and dignity as a jury's verdict upon questions and are reviewable for legal and factual sufficiency of the evidence by the same standards applicable in reviewing the sufficiency of the evidence supporting a jury's finding. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991); *Cole v. Cole*, 880 S.W.2d 477, 479 (Tex.App.—Fort Worth 1994, no writ). In considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex.1990); *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Lewelling*, 796 S.W.2d at 166. In considering a factual sufficiency point, we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Therefore, when the trial court's findings and conclusions are supported by competent probative evidence, they should not be disturbed on appeal unless they appear to be against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *Baccus v. Baccus*, 808 S.W.2d 694, 698 (Tex.App.—Beaumont 1991, no writ); *Lindner v. Hill*, 673 S.W.2d 611, 614 (Tex.App.—San Antonio 1984), *aff'd*, 691 S.W.2d 590, 592 (Tex.1985).

### Rule 11 Agreement

■■■ An agreement for judgment will not be enforced unless the agreement is reduced to writing, signed and filed with the papers as part of the record, or unless it is made in open court and entered of record.[1] Tex.R.Civ.P. 11; *Kennedy v. Hyde*, 682

---

1. We note that the Texas Supreme Court has recently addressed Rule 11 agreements in *Padilla v. LaFrance*, 907 S.W.2d 454 (Tex.1995). However, because *Padilla* involved a series of letters and did not involve the "made in open court and entered of record" portion of Rule 11, as does the present case, we find it inapplicable.

S.W.2d 525, 528 (Tex.1984). Compliance with the "open court and entered of record" portion of Rule 11 satisfies the Family Code section 3.631 requirement of written agreements in divorce cases. *McLendon v. McLendon,* 847 S.W.2d 601, 608 (Tex.App.—Dallas 1992, writ denied). This is so because the sworn testimony of the parties given to the court reporter in open court memorializes the parties' consent and can also be reduced to writing. Therefore, this procedure has the same legal effect as a written agreement signed by the parties and, in fact, results in a written agreement that meets the requirements of Family Code section 3.631 for agreements in divorce cases to be in writing. *Id.*

In the present case, the statement of facts clearly shows that the parties and attorneys announced in open court they had reached an agreement and that the agreement was dictated into the record in the form of sworn testimony of the parties. Further, the handwritten statement styled "Rule 11 Agreement," announcing their agreement and that the terms of the agreement had been entered of record, was signed by the parties and attorneys and filed with the papers as part of the record. Clearly, there was sufficient evidence for the court to conclude the existence of a valid Rule 11 agreement. Additionally, this evidence was sufficient for the court to find that the written agreement allowed the court to proceed to hear the parties "prove up" the terms of their agreement. The requirements of Rule 11 were met and, as such, the requirements of section 3.631 of the Family Code were also met and provided a basis for the court's agreed decree.

 In support of his third point of error, appellant argues that he revoked his consent to the agreement prior to the rendition of judgment. He states in his brief on appeal that he objected to a motion for entry of judgment and, therefore, effectively repudiated the agreement. It is well settled that a consent judgment cannot be rendered when one party does not consent at the time judgment actually is rendered although that party previously may have consented to the agreement. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Giles v.*

*Giles,* 830 S.W.2d 232, 235 (Tex.App.—Fort Worth 1992, no writ). A party may revoke his consent to settle a case any time before the judgment is rendered. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 874–75 (Tex.1982).

However, in this case, there is no evidence whatsoever in the record of appellant's objection or any other evidence present in the record that appellant made known to the court that he was withdrawing his consent to the agreement. Appellant's contention that he objected at the hearing on Appellee's motion for judgment is not supported by the record. Appellant was too late in voicing his dissatisfaction with the judgment in his motion for new trial and failed to timely repudiate his consent. *See Hahne v. Hahne,* 663 S.W.2d 77, 79 (Tex.App.—Houston [14th Dist.] 1983, no writ).

We hold there was sufficient evidence to support the existence of a valid Rule 11 agreement to form the basis of the court's decree. We also hold that appellant did not revoke his consent to the agreement prior to the rendition of the court's judgment. Appellant's points of error one, two, three, and five are overruled.

### Variance in Agreement and Decree

 In support of his fourth point of error, appellant argues that the trial court's decree provided additional and contrary terms to the agreement. Specifically, appellant complains that such subjects as dispute resolution, the splitting 50/50 of the uninsured health care expenses of the children, awarding financial accounts solely in any one party's name to that party, and other similar issues, were never mentioned in the agreement but appear in the final divorce decree.

 The court may divide the community estate of the parties upon divorce by itself partitioning the estate, by setting forth a property settlement agreement in the decree, or by incorporating such an agreement by reference in the decree. *McCaskill v. McCaskill,* 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied). In the present case, the court set forth the property settlement agreement, to the extent as made

by the parties, in the decree. As to the remainder of the estate, the court must follow the mandate of sections 3.63 and 3.631 of the Family Code to make a "just and right" division of the property. *See id.; see also,* TEX.FAM.CODE ANN. §§ 3.63, 3.631 (Vernon 1993). Here, the court did not find the agreement was not just and right; therefore, the agreement of the parties was binding on the court to the extent of the property covered by the agreement. The other provisions in the decree reflect the court's "just and right" division of the rest of the community estate. None of these provisions either are beyond the scope of the agreement made by the parties or provide a basis for reversal. *See Ames v. Ames,* 860 S.W.2d 590, 593 (Tex.App.—Amarillo 1993, no writ). We find nothing in the record to suggest that the division made by the court was not just and right.

 We do agree with appellant, however, that one provision in the court's final decree, instructing the parties to file separate income tax returns for the 1994 calendar year, is contrary to the terms of the agreement reached by the parties and entered of record. A final judgment founded upon a settlement agreement reached by the parties must be in strict or literal compliance with the terms of that agreement. *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292 (Tex.1976). Here, the testimony indicated that the parties agreed to file a joint income tax return for the 1994 calendar year. The court's decree instructs each party to file a separate individual income tax return. The terms of the agreement are binding on the court unless it finds that the agreement is not just and right. TEX.FAM.CODE ANN. § 3.631(b) (Vernon 1993). It was error for the court to provide a term contrary to the agreement reached by the parties, and this term is subject to reformation. Consequently, we sustain appellant's fourth point of error as to this particular provision in the court's decree. Appellant's five points of error are otherwise overruled.

We therefore affirm the trial court's granting of the divorce, and we reverse the remainder of the judgment. We remand the cause to the trial court for the limited purpose of reforming the decree and entering judgment in accordance with the agreement reached by the parties concerning the joint filing of taxes for the calendar year 1994.