Petition for Writ of Mandamus Denied and Memorandum Opinion filed June
4, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed June 4, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00341-CV

____________

 

IN RE MAX W. BLANTON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On April
14, 2009, relator, Max W. Blanton, filed a petition for writ of
mandamus.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to order the Honorable Randall Hufstetler, presiding
judge of the 300th District Court of Brazoria County, to vacate the order of
February 23, 2009, granting a nonsuit in cause number 48941, to enter a final
decree of divorce consistent with the parties= agreement in cause number 48941, and
to enter a judgment of dismissal in cause number 51637.  We deny relator=s petition.








This
mandamus arises from a divorce action in Brazoria County.  Margaret Ann Blanton
filed a petition for divorce in the 300th District Court in trial court cause
number 48941.  Relator claims the parties reached a settlement agreement
regarding the division of property.  A hearing was held on December 10, 2008,
before Judge Lori Rickert.  Relator contends Judge Rickert orally rendered
judgment during this hearing.

On
February 18, 2009, Margaret filed a document repudiating the Aamended settlement agreement
proposal.@  Two days later, relator filed a motion to enter judgment, asking the
trial judge to sign a written judgment in accordance with the agreement and the
alleged oral rendition of judgment on December 10, 2008.  Before a decision was
made on this motion, Margaret filed a motion for nonsuit and Judge Hufstetler
signed an order granting the nonsuit.  Relator filed a motion to set aside the
order granting nonsuit.  A hearing was held, and on March 18, 2009, Judge
Hufstetler denied the motion.  On March 19, 2009, the court denied husband=s motion to enter judgment.  

Margaret
then filed a new petition for divorce in the 300th District Court, which was
assigned cause number 51637.  Relator filed a plea to the jurisdiction,
claiming the trial court had rendered a divorce in the previous case, cause
number 48941.  Relator also filed a motion to stay the new proceeding.  On
April 2, 2009, Judge Hufstetler denied both the motion to stay and the plea to
the jurisdiction.  Relator then filed this mandamus proceeding. 

Relator
claims the judge in the new divorce proceeding lacks subject matter
jurisdiction because a judgment was previously rendered in trial court cause
48941.  All of relator=s claims are based on his contention that Judge Rickert
rendered judgment on December 10, 2008, in cause number 48941.  There is no
record proof of an oral pronouncement of judgment by Judge Rickert because no
record of the hearing held on December 10th was taken.  Relator primarily
relies upon Judge Rickert=s  December 10, 2008 docket sheet entry  to support his
contention that she rendered judgment on that date.  








Rendition
of judgment is the pronouncement by the court of its conclusions and decision
upon the matter submitted to it for adjudication.  Buffalo Bag Co. v.
Joachim, 704 S.W.2d 482, 483 (Tex. App.BHouston [14th Dist.] 1986, writ ref=d n.r.e.).  Judgment is rendered when
the decision is officially announced either orally in open court or by a
memorandum filed by the clerk of the court.  Comet Aluminum Co. v. Dibrell,
450 S.W.2d 56, 58 (Tex. 1970).  Rendition is distinguishable from the entry of
judgment which is a purely ministerial act by which the judgment is made of
record and preserved.  Buffalo Bag, 704 S.W.2d at 483.  Courts have addressed
the sufficiency of a written memorandum to constitute a rendition of judgment. 
See, e.g., Ex parte Gnesoulis, 525 S.W.2d 205, 209 (Tex. Civ. App.BHouston [14th Dist.] 1975, orig.
proceeding)(letter written by trial judgment held not to constitute rendition
of judgment where no indication letter was ever filed with the clerk). 

Docket
sheet entries generally are insufficient to constitute a judgment or decree of
the court.  In re Bill Heard Chev., Ltd., 209 S.W.3d 311, 315 (Tex. App.BHouston [1st Dist.] 2006, orig.
proceeding)(AA docket sheet entry ordinarily forms no part of the record that may be
considered; rather, it is a memorandum made for the trial court and clerk=s convenience.@); Rush v. Barrios, 56 S.W.3d
88, 95 (Tex. App.BHouston [14th Dist.] 2001, pet. denied)(an appellate court Amay not consider docket entries since
they are only made for the clerk=s convenience and are usually
unreliable.@); First Nat=l Bank v. Birnbaum, 826 S.W.2d 189, 191 (Tex. App.BAustin 1992, no pet.)(docket entries
are Ainherently unreliable because they
lack the formality of orders and judgments@).  Under limited circumstances,
docket sheet entries can establish that the trial judge orally rendered
judgment on a certain date when combined with other proof.  See, e.g., Henry
v. Cullum Co., Inc., 891 S.W.2d 789, 793 (Tex. App.BAmarillo 1995, writ denied)(oral
pronouncement combined with acknowledgment of rendition in agreed motion for
severance, and docket sheet notation initialed by trial judge, established
rendition of judgment on date of oral pronouncement).








Relator
cites a number of cases for the proposition that a docket sheet entry
establishes rendition of judgment.  But all of these cases involved more proof
of rendition of judgment than that present in this case.[1] 
See Welkener v. Welkener, 71 S.W.3d 364 (Tex. App.BCorpus Christi 2001, no pet.)(trial
judge rendered judgment where record showed judge orally pronounced judgment
and parties approved agreement); Giles v. Giles, 830 S.W.2d 232 (Tex.
App.BFort Worth 1992, no writ)(judgment
rendered where record showed trial judge orally pronounced divorce was granted,
record showed parties dictated agreement into record in open court, and docket
sheet notation stated AAgreement reached@ and ADivorce granted.@); Olivarez v. Olivarez, No.
13-07-00348-CV; 2008 WL 2454371 (Tex. App.BCorpus Christi Aug. 18, 2008, pet.
denied)(judgment rendered on date of oral pronouncement in court where record
showed parties= agreement and trial judge=s oral grant of divorce); Bachus
v. Bachus, No. 13-01-00628-CV; 2002 WL 1965458 (Tex. App.BCorpus Christi Aug. 22, 2002, no
pet.)(judgment rendered on date trial judge orally pronounced divorce granted
where record showed parties presented agreement to the trial court for approval
and trial judge granted divorce and approved agreement on the record);  In
re Marriage of Ellsworth, No. 07-01-00072-CV; 2001 WL 1149035 (Tex. App.BAmarillo Sep. 28, 2001, no pet.)(trial
judge rendered judgment when he orally pronounced on the record that divorce
was granted and settlement agreement was approved); Stadil v. Stadil,
No. 05-93-00303-CV, 1994 WL 469321 at *2 (Tex. App.BDallas Aug. 31,1994, no pet)(trial
judge rendered judgment based on judge=s oral grant of divorce in record of
hearing and proof of mediated settlement agreement in open court).  In each of
these cases, there was proof on the record of the trial judge=s oral pronouncement of judgment.








In the
case before us, by contrast, there is no record of the December 10, 2008,
hearing and no record of any oral pronouncement of judgment by the trial
judge.  The parties waived the taking of a record at the December 10, 2008,
hearing.  The docket sheet included in the record  is a printed form with
blanks.  The form docket sheet entry at issue in this case includes the
pre-printed statements: AEvidence heard.  Divorce Granted.@  The last full sentence in this
pre-printed docket entry says AProperty division approved as per decree.@ The judge replaced the stricken word
with the handwritten notation, Aagreement (Ex-A),@ indicating the property division was
approved as per the agreement in Exhibit A.  No exhibit A is included in the
record provided by relator.  The pre-printed docket sheet entry also contains
the term, AEOJ,@ which stands for Aentry of judgment,@ and the handwritten date of A1-16-09@ is in the blank next to this term. 
The docket sheet entry also contains Judge Rickert=s signature.

When
Judge Rickert was subsequently asked to address whether she had rendered
judgment in December 2008, she stated:

THE COURT:  All right.  My decision is still the same
because, based on the evidence that was presented last week C because contrary to what you think,
Mr. Moore, it is hotly contested whether the judgment was rendered on December
the 10th, 2008.  Based on the evidence that was presented at our hearing on
March the 11th, the evidence didn=t prove up that there was a rendering
of the judgment.  So I=m not going to sign your final decree of divorce because the
Court=s position is the case has been
non-suited.  

Thus,
Judge Rickert herself did not believe the docket entry she signed was proof she
had rendered judgment on that date.  When the issue was presented later to
Judge Hufstetler, who heard argument, reviewed the parties= agreement, and examined the docket
sheet entry, he found judgment had not been rendered, as shown by the following
passage from a hearing:

THE COURT:  I don=t see anything that shows that
[judgment] was pronounced and rendered.








MS. McCLENDON:  Your Honor, if I may interject, that
was Judge Rickert=s B

MR. MOORE:  I can show you the docket sheet.

THE
COURT:  I am looking at the B

MR.
MOORE:  You see the little stamp over to the side where the divorce is checked?

THE
COURT:  That=s not pronounced and rendered.

MR.
MOORE:  If you look at the bottom, the divorce of the agreement [sic] is
accepted.

THE
COURT:  I did.  It=s not pronounced and rendered.

Finally,
relator cites to section 101.026 of the Family Code in support of his claim
that the docket entry is sufficient proof of rendition of judgment.  Section
101.026 provides that rendition may be made orally in the presence of a court
reporter or in writing, Aincluding on the court=s docket sheet . . . .@  Tex.
Fam. Code Ann. ' 101.026 (Vernon 2008).  However, section 101.026 is part of
Title 5 concerning the parent-child relationship and suits affecting the
parent-child relationship.  The divorce involved in this case does not concern
a parent-child relationship; therefore, section 101.026 is inapplicable.  See
In re C.V.G., 112 S.W.3d 180, 185 (Tex. App.BHouston [1st Dist.] 2003, orig.
proceeding)(Mirabal, J., concurring)(AThus, contrary to the general rule in
civil cases, a docket notation standing alone constitutes rendition of judgment
in suits affecting the parent-child relationship).  No case authority extends
section 101.026 to divorce cases and we decline to do so.  








Because
there is no hearing record establishing that Judge Rickert orally pronounced
judgment, and the docket entry standing alone is insufficient to establish that
judgment was rendered, we find no abuse of discretion by Judge Hufstetler in
denying relator=s motion to enter judgment.  Accordingly, we deny relator=s petition.  We vacate our order of
May 8, 2009, staying divorce proceedings.  

 

PER CURIAM

 

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.









            [1]           Another
case to which relator cites, Clanin v. Clanin, 918 S.W.2d 673 (Tex. App.BFort Worth 1996, no pet.), is distinguishable because
it did not involve a question regarding when judgment was rendered.  Instead,
the appellant claimed he revoked consent to the agreement prior to rendition of
judgment.  Id. at 677.  The court did not need to determine when
judgment was rendered because the record showed appellant did not object to the
parties= agreement until after judgment was rendered and
signed.  Id.