

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 2-08-130-CV

MARRITA MURPHY                                                        APPELLANT

V.

DANIEL JUDE LEVEILLE                                                  APPELLEE

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this appeal from a final divorce decree, Appellant Marrita Murphy, pro se,[2] argues the trial court erred by signing a final decree and orders inconsistent with the parties' mediated settlement agreement. We affirm.

---

[1] ▲ *See* Tex. R. App. P. 47.4.

[2] ▲ Murphy is a nonpracticing attorney.

## Background

Murphy married Appellee Daniel Leveille on April 9, 1987. Leveille filed for divorce on November 14, 2005.

Murphy and Leveille entered into a written, mediated settlement agreement on August 30, 2007. The agreement provided that its terms would be incorporated into a final decree "using the language of the Texas Family Law Practice Forms Manual" and that any dispute regarding the drafting of the decree would be submitted to the mediator for binding arbitration. The day after the mediation, the trial court took judicial notice of the agreement and granted the parties' divorce.

Thereafter, the parties failed to agree on the form of the final decree. After several hearings, on January 18, 2008, the trial court signed a final decree and orders regarding benefits submitted by Leveille. Murphy filed motions to modify the decree, complaining that the decree contained several errors and omissions and failed to comport with the mediated settlement agreement. The trial court submitted one issue—whether the parties had agreed that Murphy would receive survivor benefits in both of two retirement plans—to the mediator for binding arbitration. The arbitrator ruled that Murphy was entitled to survivor benefits in both plans.

The trial court rendered an amended decree on March 24, 2008. Murphy filed a notice of appeal on April 4, 2008.

**Discussion**

**1.    Amended Final Decree**

In her first issue, Murphy argues that the trial court erred by signing an amended final decree that varied from the terms of the mediated settlement agreement. A trial court has no authority to enter a judgment that varies from the terms of a mediated settlement agreement. *In re Marriage of Joyner*, 196 S.W.3d 883, 890–91 (Tex. App.—Texarkana 2006, pet. denied); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 330 (Tex. App.—Dallas 2004, no pet.); *Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex. App.—El Paso 1997, no pet.). A final judgment founded upon a settlement agreement reached by the parties must be in strict or literal compliance with the terms of that agreement. *Clanin v. Clanin*, 918 S.W.2d 673, 678 (Tex. App.—Fort Worth 1996, no writ) (reversing and remanding for limited purpose of reforming decree in accordance with parties' settlement agreement).

**a.    Waiver**

In subparts (A), (B), (C), and (E) of her first issue, Murphy argues that the trial court erred by including language in the amended final decree that if the decree and the mediated settlement agreement conflicted, the decree

3

controlled; that the trial court erred by awarding her half of only the community share of Leveille's Federal Employees Retirement System ("FERS") benefits; that the trial court erred by failing to use "Texas Family Law Practice Forms Manual Form 19-31, applicable comment 8 for dividing the community military retirement"; and that the trial court erred by inserting the words "disability plan or benefits" into the paragraph of the decree awarding to Leveille his Air Force and FERS retirement benefits accruing before the parties were married and after they divorced.

To preserve a complaint of error in a judgment, a party must inform the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method. *Dal-Chrome Co. v. Brenntag Sw., Inc.*, 183 S.W.3d 133, 144 (Tex. App.—Dallas 2006, no pet.); *see also* Tex. R. App. P. 33.1(a). We have carefully reviewed Murphy's "Motion to Modify Judgment," her "Motion for Reconsideration/Modify Judgment II," and her arguments at the February 15, 2008 and March 23, 2008 hearings on her motions to modify. Murphy did not raise the arguments she makes in subissues (A), (B), (C), and (E) there or elsewhere in the record.[3]

---

[3] Murphy filed with this court several volumes of documents that do not appear in the record, and we denied her motions to "Compel Supplemental Appellate Record." We cannot consider documents attached to an appellate brief that do not appear in the record. *Till v. Thomas*, 10 S.W.3d 730, 733

4

Therefore, we hold that Murphy failed to preserve these subissues for review, and we overrule them.

### b. Survivor Benefits

In subissue (D), Murphy argues that the trial court erred "in the perfunctory approval of the final divorce decree and changed the bargained for exchange for Appellant Murphy to have right of survivorship in both the Military and Federal Retirements." The gist of her argument is that the parties agreed that Leveille would obtain survivorship benefits in the retirement plans for Murphy, but the trial court failed to include such language in the decree.

The settlement agreement provides that Murphy is to receive

> [a]ny and all sums . . . and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Respondent's [Murphy's] past, present or future employment . . . and ½ of Respondent's interest in FERS and [h]er ½ of the community portion of his USAF retirement with right of survivorship.

---

(Tex. App.—Houston [1st Dist.] 1999, no pet.). This court must hear and determine a case based on the record as filed and may not consider documents attached as exhibits to briefs. *Id*. Therefore, we have not reviewed the additional documents Murphy attempted to file, and they play no role in our analysis.

The trial court's first decree was silent as to survivorship, and the orders executed at the same time as the first decree gave Murphy a right of survivorship in Leveille's Air Force benefits but not his FERS benefits.

In her first motion to modify the decree, Murphy argued that the settlement agreement's survivorship provision applied to both the Air Force retirement benefits and the FERS benefits. Because the settlement agreement provided that all disputes related to drafting a decree that complied with the agreement would be submitted to the mediator for binding arbitration, the trial court referred the question to the mediator. The mediator ruled that "Murphy was to be awarded survivor benefits in both retirement plans" and that "IF Mrs. [sic] Murphy could impact the retirement [plans] in such a way that Mr. Leveille's retirement were to be reduced by any action on her part (e.g., if she were able to obtain a survivor's benefit plan payable to her), it would be necessary for her to do so at her own expense."

The trial court's amended decree, like the first decree, does not mention Murphy's survivorship rights. But the "Amended Retirement Benefits Court Order for Division of Federal Employees' Retirement System Benefits" states that "Murphy is awarded a former spouse survivor annuity," and the Amended Domestic Relations Order provides that, with regard to Leveille's Air Force benefits, "the disposable retirement pay awarded in this order to Marrita

6

Murphy shall continue until the death of Daniel Jude Leveille or Marrita Murphy. Marrita Murphy has the option of exercising her right of survivorship."

Murphy argues that the trial court erred by failing to expressly award her survivor benefits in the amended decree and by failing to order Leveille to pay for her survivor benefits. But the trial court's amended orders do specifically provide for Murphy's survivorship benefits, and the decree states that both orders are "incorporated verbatim in [the amended decree] by reference." Murphy does not explain why this incorporation by reference was inadequate. Further, the mediator ruled in binding arbitration that if Murphy "were able to obtain a survivor's benefit plan payable to her . . . it would be necessary for her to do so at her own expense." To the extent that the trial court's orders require Murphy to obtain survivor benefits at her own expense, the orders are consistent with the mediator's arbitration ruling. We therefore overrule the remainder of Murphy's first issue.

## 2. Domestic Relations Order

In her second issue, Murphy argues that the trial court erred by modifying the terms of the parties' settlement agreement with its amended domestic relations order—the order that concerns Leveille's Air Force retirement benefits.

7

### a. Waiver

As she did with her first issue, Murphy raises unpreserved subissues in her second issue — namely, subissues (A), (E), and (F), in which she argues that the trial court erred by failing to use "Texas Family Law Practice Forms Manual Form 19-31, comment 8 for dividing the community military retirement"; that the trial court erred by altering "Appellant Murphy's 20/20/20 military spouse status"; and that the trial court erred by altering the "agreed use of the Texas Family Law Practice Manual Form 19-31, regarding Retiree Statements and Retirement." Murphy waived these subissues by failing to raise them in the trial court, and we overrule subissues (A), (E), and (F). *See* Tex. R. App. P. 33.1(a).

### b. Number of "Retirement Points"

In her subissue (B), Murphy argues that the trial court recited the incorrect number of "retirement points" belonging to the community in the domestic relations order — 2,864 instead of 3,275. The difference between the two numbers apparently results from the delay between the date the trial court granted the divorce — August 31, 2007 — and the date the trial court signed the first decree — January 18, 2008.

As the sole authority supporting her argument, Murphy cites 10 U.S.C.A. 1408(c)(1) (West 1998) for the proposition that "the federal government does not make a division without a Final Divorce[] Decree containing a Fixed Seal of

8

the Court," which, according to Murphy, means that the points to be divided are those that existed on the date the trial court signed the first decree, not the date of divorce. Section 1408(c)(1) does not support her argument. Section 1408(c)(1) provides that "a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*" 10 U.S.C.A. 1408(c)(1) (emphasis added).

Under the "law of the jurisdiction of such court" — Texas law — the extent of the community estate is determined at the date of divorce, and a spouse is only entitled to division of property that the community owns at the date of divorce. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 641, 642 (Tex. App. — Tyler 2008, no pet.). All assets of the community estate are valued as of the time of dissolution of the marriage. *Id.* at 641. Thus, under Texas law and section 1408(c)(1), the trial court correctly divided the community's "points" in Leveille's Air Force retirement as of the date of divorce. We overrule Murphy's subissue (B).

9

### c. Prohibition Against Elections That Reduce Murphy's Award

In subissue (C), Murphy argues that "[t]he language '[Leveille] will not make any election under the Federal Employees' Retirement [System] or the U.S. Air Force Retirement Plan that would reduce the amounts awarded to [Murphy] herein' was not recorded into any of the court documents yet was read into the record.'" Contrary to Murphy's argument, this exact language appears in paragraph 5 on page 3 of the amended decree. We overrule subissue (C).

### d. Survivor Benefits

In subissue (D), Murphy argues that the trial court erred by "changing the bargained for exchange for the continuation of Appellant Murphy's right of survivorship in the Military Retirement." Her argument is essentially the same as her argument under issue I(D), and we likewise overrule issue II(D)for the reasons set forth in our analysis of issue I(D).

## 3. FERS Order

In her third issue, Murphy raises several complaints about the trial court's order regarding Leveille's FERS benefits.

### a. Waiver

In subissues (A) and (B), Murphy argues that the trial court erred by awarding her half of the community share of Leveille's FERS benefits and by

failing to follow Texas Family Law Practice Manual Form 19-18. She waived these subissues by failing to raise them in the trial court, and we overrule her subissues (A) and (B). *See* Tex. R. App. P. 33.1(a).

### b. Prohibition Against Elections That Reduce Murphy's Award

In subissue (C), Murphy argues that the trial court erred by failing to include in the FERS order language prohibiting Leveille from making any election that would reduce Murphy's award of Leveille's FERS benefits. As we noted in our discussion of issue II(C), the trial court included such language in the amended final decree. Murphy does not explain, nor can we see, why the inclusion of the language in question in the decree does not afford her adequate protection—particularly in light of the fact that the FERS order is directed to the United State Office of Personnel Management, not Murphy or Leveille. We overrule the remainder of her third issue.

### Conclusion

Having overruled Murphy's three issues, we affirm the trial court's amended decree and amended orders.

PER CURIAM

PANEL: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: August 26, 2009

11