COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-130-CV

 

 

MARRITA MURPHY                                                              APPELLANT

 

                                                   V.

 

DANIEL JUDE LEVEILLE                                                           APPELLEE

 

                                              ------------

 

           FROM THE 324TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In this appeal from a final divorce decree,
Appellant Marrita Murphy, pro se,[2]
argues the trial court erred by signing a final decree and orders inconsistent
with the parties= mediated settlement
agreement.  We affirm.








                                            Background

Murphy married Appellee Daniel Leveille on April
9, 1987.  Leveille filed for divorce on
November 14, 2005. 

Murphy and Leveille entered into a written,
mediated settlement agreement on August 30, 2007.  The agreement provided that its terms would
be incorporated into a final decree Ausing
the language of the Texas Family Law Practice Forms Manual@ and
that any dispute regarding the drafting of the decree would be submitted to the
mediator for binding arbitration.  The
day after the mediation, the trial court took judicial notice of the agreement
and granted the parties= divorce.

Thereafter, the parties failed to agree on the
form of the final decree.  After several
hearings, on January 18, 2008, the trial court signed a final decree and orders
regarding benefits submitted by Leveille. 
Murphy filed motions to modify the decree, complaining that the decree
contained several errors and omissions and failed to comport with the mediated
settlement agreement.  The trial court
submitted one issueCwhether the parties had agreed
that Murphy would receive survivor benefits in both of two retirement plansCto the
mediator for binding arbitration.  The
arbitrator ruled that Murphy was entitled to survivor benefits in both plans.








The trial court rendered an amended decree on
March 24, 2008.  Murphy filed a notice of
appeal on April 4, 2008.

                                             Discussion

1.               
Amended
Final Decree

In
her first issue, Murphy argues that the trial court erred by signing an amended
final decree that varied from the terms of the mediated settlement
agreement.  A trial court has no
authority to enter a judgment that varies from the terms of a mediated
settlement agreement.  In re Marriage
of Joyner, 196 S.W.3d 883, 890B91 (Tex. App.CTexarkana 2006, pet. denied); Garcia‑Udall
v. Udall, 141 S.W.3d 323, 330 (Tex. App.CDallas 2004, no pet.); Keim v. Anderson, 943 S.W.2d
938, 946 (Tex. App.CEl Paso 1997, no pet.).  A final judgment founded upon a settlement
agreement reached by the parties must be in strict or literal compliance with
the terms of that agreement.  Clanin
v. Clanin, 918 S.W.2d 673, 678 (Tex. App.CFort Worth 1996, no writ) (reversing and remanding for
limited purpose of reforming decree in accordance with parties= settlement agreement).

a.                
Waiver








In
subparts (A), (B), (C), and (E) of her first issue, Murphy argues that the
trial court erred by including language in the amended final decree that if the
decree and the mediated settlement agreement conflicted, the decree controlled;
that the trial court erred by awarding her half of only the community share of
Leveille=s Federal Employees Retirement System
(AFERS@) benefits; that the trial court erred by failing to use ATexas Family Law Practice Forms
Manual Form 19-31, applicable comment 8 for dividing the community military
retirement@; and that the trial court erred by
inserting the words Adisability plan or benefits@ into the paragraph of the decree
awarding to Leveille his Air Force and FERS retirement benefits accruing before
the parties were married and after they divorced.








To
preserve a complaint of error in a judgment, a party must inform the trial
court of its objection by a motion to amend or correct the judgment, a motion
for new trial, or some other similar method. 
Dal‑Chrome Co. v. Brenntag Sw., Inc., 183 S.W.3d 133, 144
(Tex. App.CDallas 2006, no pet.); see also Tex.
R. App. P. 33.1(a).  We have carefully
reviewed Murphy=s AMotion to Modify Judgment,@ her AMotion for Reconsideration/Modify
Judgment II,@ and her arguments at the February
15, 2008 and March 23, 2008 hearings on her motions to modify.  Murphy did not raise the arguments she makes
in subissues (A), (B), (C), and (E) there or elsewhere in the record.[3]  Therefore, we hold that Murphy failed to
preserve these subissues for review, and we overrule them.

b.               
Survivor
Benefits

In
subissue (D), Murphy argues that the trial court erred Ain the perfunctory approval of the
final divorce decree and changed the bargained for exchange for Appellant
Murphy to have right of survivorship in both the Military and Federal Retirements.@ 
The gist of her argument is that the parties agreed that Leveille would
obtain survivorship benefits in the retirement plans for Murphy, but the trial
court failed to include such language in the decree.

The
settlement agreement provides that Murphy is to receive

[a]ny and all sums . . . and any other rights related
to any profit-sharing plan, retirement plan, pension plan, employee stock
option plan, employee savings plan, accrued unpaid bonuses, or other benefit
program existing by reason of Respondent=s [Murphy=s] past, present or future employment . . . and 2 of
Respondent=s interest in FERS and [h]er 2 of the
community portion of his USAF retirement with right of survivorship.

 








The trial court=s first decree was silent as to
survivorship, and the orders executed at the same time as the first decree gave
Murphy a right of survivorship in Leveille=s Air Force benefits but not his FERS benefits.

In
her first motion to modify the decree, Murphy argued that the settlement
agreement=s survivorship provision applied to
both the Air Force retirement benefits and the FERS benefits.  Because the settlement agreement provided
that all disputes related to drafting a decree that complied with the agreement
would be submitted to the mediator for binding arbitration, the trial court
referred the question to the mediator. 
The mediator ruled that AMurphy was to be awarded survivor
benefits in both retirement plans@ and that AIF Mrs. [sic] Murphy could impact the
retirement [plans] in such a way that Mr. Leveille=s retirement were to be reduced by
any action on her part (e.g., if she were able to obtain a survivor=s benefit plan payable to her), it
would be necessary for her to do so at her own expense.@








The
trial court=s amended decree, like the first
decree, does not mention Murphy=s survivorship rights.  But the AAmended Retirement Benefits Court Order for Division of
Federal Employees= Retirement System Benefits@ states that AMurphy is awarded a former spouse
survivor annuity,@ and the Amended Domestic Relations
Order provides that, with regard to Leveille=s Air Force benefits, Athe disposable retirement pay awarded in this order to
Marrita Murphy shall continue until the death of Daniel Jude Leveille or
Marrita Murphy.  Marrita Murphy has the
option of exercising her right of survivorship.@

Murphy
argues that the trial court erred by failing to expressly award her survivor
benefits in the amended decree and by failing to order Leveille to pay for her
survivor benefits.  But the trial court=s amended orders do specifically
provide for Murphy=s survivorship benefits, and the
decree states that both orders are Aincorporated verbatim in [the amended decree] by reference.@ 
Murphy does not explain why this incorporation by reference was
inadequate.  Further, the mediator ruled
in binding arbitration that if Murphy Awere able to obtain a survivor=s benefit plan payable to her . . . it would
be necessary for her to do so at her own expense.@  To the extent that
the trial court=s orders require Murphy to obtain
survivor benefits at her own expense, the orders are consistent with the
mediator=s arbitration ruling.  We therefore overrule the remainder of Murphy=s first issue.

2.               
Domestic
Relations Order

In
her second issue, Murphy argues that the trial court erred by modifying the
terms of the parties= settlement agreement with its
amended domestic relations orderCthe order that concerns Leveille=s Air Force retirement benefits.








a.                
Waiver

As
she did with her first issue, Murphy raises unpreserved subissues in her second
issueCnamely, subissues (A), (E), and (F),
in which she argues that the trial court erred by failing to use ATexas Family Law Practice Forms
Manual Form 19-31, comment 8 for dividing the community military retirement@; that the trial court erred by
altering AAppellant Murphy=s 20/20/20 military spouse status@; and that the trial court erred by
altering the Aagreed use of the Texas Family Law
Practice Manual Form 19-31, regarding Retiree Statements and Retirement.@ 
Murphy waived these subissues by failing to raise them in the trial
court, and we overrule subissues (A), (E), and (F).  See Tex. R. App. P. 33.1(a).

b.               
Number
of ARetirement Points@

In
her subissue (B), Murphy argues that the trial court recited the incorrect
number of Aretirement points@ belonging to the community in the
domestic relations orderC2,864 instead of 3,275.  The difference between the two numbers
apparently results from the delay between the date the trial court granted the
divorceCAugust 31, 2007Cand the date the trial court signed
the first decreeCJanuary 18, 2008.








As
the sole authority supporting her argument, Murphy cites 10 U.S.C.A. 1408(c)(1)
(West 1998) for the proposition that Athe federal government does not make a division without a
Final Divorce[] Decree containing a Fixed Seal of the Court,@ which, according to Murphy, means
that the points to be divided are those that existed on the date the trial
court signed the first decree, not the date of divorce.  Section 1408(c)(1) does not support her
argument.  Section 1408(c)(1) provides that
Aa court may treat disposable retired
pay payable to a member for pay periods beginning after June 25, 1981, either
as property solely of the member or as property of the member and his spouse in
accordance with the law of the jurisdiction of such court.@ 
10 U.S.C.A. 1408(c)(1) (emphasis added).

Under
the Alaw of the jurisdiction of such court@CTexas lawCthe extent of the community estate is
determined at the date of divorce, and a spouse is only entitled to division of
property that the community owns at the date of divorce.  Von Hohn v. Von Hohn, 260 S.W.3d 631,
641, 642 (Tex. App.CTyler 2008, no pet.).  All assets of the community estate are valued
as of the time of dissolution of the marriage. 
Id. at 641.  Thus, under
Texas law and section 1408(c)(1), the trial court correctly divided the
community=s Apoints@ in Leveille=s Air Force retirement as of the date
of divorce.  We overrule Murphy=s subissue (B).








c.                
Prohibition
Against Elections That Reduce Murphy=s Award

In
subissue (C), Murphy argues that A[t]he language >[Leveille] will not make any election under the Federal
Employees= Retirement [System] or the U.S. Air
Force Retirement Plan that would reduce the amounts awarded to [Murphy] herein= was not recorded into any of the
court documents yet was read into the record.=@  Contrary to Murphy=s argument, this exact language
appears in paragraph 5 on page 3 of the amended decree.  We overrule subissue (C).

d.               
Survivor
Benefits

In
subissue (D), Murphy argues that the trial court erred by Achanging the bargained for exchange
for the continuation of Appellant Murphy=s right of survivorship in the Military Retirement.@ 
Her argument is essentially the same as her argument under issue I(D),
and we likewise overrule issue II(D)for the reasons set forth in our analysis
of issue I(D).

3.               
FERS
Order

In
her third issue, Murphy raises several complaints about the trial court=s order regarding Leveille=s FERS benefits.

a.                
Waiver








In
subissues (A) and (B), Murphy argues that the trial court erred by awarding her
half of the community share of Leveille=s FERS benefits and by failing to follow Texas Family Law
Practice Manual Form 19-18.  She waived
these subissues by failing to raise them in the trial court, and we overrule
her subissues (A) and (B).  See Tex.
R. App. P. 33.1(a).

b.               
Prohibition
Against Elections That Reduce Murphy=s Award

In
subissue (C), Murphy argues that the trial court erred by failing to include in
the FERS order language prohibiting Leveille from making any election that
would reduce Murphy=s award of Leveille=s FERS benefits.  As we noted in our discussion of issue II(C),
the trial court included such language in the amended final decree.  Murphy does not explain, nor can we see, why the
inclusion of the language in question in the decree does not afford her
adequate protectionCparticularly in light of the fact
that the FERS order is directed to the United State Office of Personnel
Management, not Murphy or Leveille.  We
overrule the remainder of her third issue.

                                             Conclusion

Having
overruled Murphy=s three issues, we affirm the trial
court=s amended decree and amended orders.

 

PER CURIAM

 

PANEL:  GARDNER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED: 
August 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]Murphy is a nonpracticing
attorney.





[3]Murphy filed with this
court several volumes of documents that do not appear in the record, and we
denied her motions to ACompel Supplemental
Appellate Record.@  We cannot consider documents attached to an
appellate brief that do not appear in the record.  Till v. Thomas, 10 S.W.3d 730, 733
(Tex. App.CHouston [1st Dist.] 1999,
no pet.).  This court must hear and
determine a case based on the record as filed and may not consider documents
attached as exhibits to briefs.  Id.  Therefore, we have not reviewed the
additional documents Murphy attempted to file, and they play no role in our
analysis.