

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00501-CV

Rene **CERVANTES**,
Appellant

v.

Lisa M. **CERVANTES**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2013CVG001776-D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Karen Angelini, Justice
                  Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice

Delivered and Filed:  September 21, 2016

AFFIRMED

Rene Cervantes appeals a final divorce decree contending the trial court abused its discretion in its division of the interest accrued on federal tax liens. Rene contends the agreement the parties dictated into the record required the interest to be paid by Lisa M. Cervantes, and the trial court had a ministerial duty to enter a decree in conformity with the parties' agreement. We affirm the final divorce decree.

**BACKGROUND**

On October 23, 2013, Lisa filed an original petition for divorce. On June 29, 2015, Rene and Lisa appeared before the trial court and announced they had reached an agreement. Pursuant to the agreement, Lisa was awarded the real property located at 8505 Forrest Loop, Laredo, Texas. Lisa was also required to pay all encumbrances, ad valorem taxes, liens, assessments and other charges due or to become due on the real and personal property awarded to her. Lisa agreed this included two federal tax liens against the house that were recorded in the county clerk's office in the amount of $70,960.19, and $29,110.71, respectively. At the conclusion of the hearing, the trial court approved the terms of the agreement and rendered judgment based on the agreement.

On July 15, 2015, Rene and Lisa again appeared before the trial court, and each party had a proposed final divorce decree. Lisa's attorney explained the parties disagreed about the division of the interest due on the federal tax liens. Lisa's attorney introduced into evidence the two notices of federal tax lien referenced at the prior hearing, which were obtained from the county clerk's office the day before the hearing, and further explained:

> And all of these liens together add up — up to about a hundred thousand dollars. And what we had agreed to, Your Honor, is basically she would get the house that is worth about $185,000, and there is about $85,000 of mortgage still pending on the home. And the hundred thousand dollars of lien of — of the IRS lien would basically wash it out. So we have, like, 185, the fair market value of the home, versus 85 of the mortgage versus — minus a hundred of the lien, we would leave at zero. So we were fine with that.
> But Mr. Cervantes contacted the IRS on that very day, and we received a letter from the IRS, which I have marked Petitioner's Exhibit A, and basically we were advised that the hundred thousand is basically 130,000. So, if that were to be the case, we — it's our understanding that there is 30,000 that has not been divided in the divorce decree. And so what we are proposing simply is leave everything as it is. We assume the hundred thousand-dollar debt, but the $30,000 is what we're asking the Court to divide it equally half and half, 15 Mr. Cervantes and 15 Ms. Cervantes. And that's basically the only thing we are adding into our proposed divorce decree.

In response to arguments by Rene's attorney that Lisa agreed to pay the interest and the trial court could not change the agreement, the trial court responded that it could "when the issue entails something that wasn't even considered and wasn't even known to the parties." Lisa testified she believed the amounts listed in the notices of tax liens filed with the county clerk were all that was owed. Rene testified he knew the IRS charges interest, and Lisa agreed to pay the interest. After listening to the arguments of the attorneys, the trial court announced its ruling as follows:

> THE COURT: I've heard enough. I've heard enough. The Court will, again, clarify the order already made on the record that it was represented to the Court, when Ms. Pena was reading into the record the agreement of the parties, that the IRS liens that were going to be assumed were the approximate amount of $100,000, which was believed to include the interest, and based on that representation to the Court and in addition to the other — to the other agreements of the home and debt of the home, the Court found that the division at that time was fair and just.
>
> In light of an additional $30,000, the Court is obligated to find that ruling those 30,000 that was not disclosed during the agreement and were not represented to the Court on the day that judgment was previously rendered would be un-equitable and not just and right. So the Court has to consider those $30,000. And in order to make the division just and right and fair to both parties, the Court will, again, put on the record that I will divide those approximate $30,000 in IRS interest between both parties 50 percent and 50 percent.

The trial court then signed a final divorce decree requiring Lisa to pay the federal tax liens but requiring each party to pay fifty percent of the interest. Rene appeals.

### DISCUSSION

A settlement agreement between parties is enforceable if it is made in open court and entered of record. TEX. R. CIV. P. 11. A final judgment rendered upon a settlement agreement must be in strict and literal compliance with the agreement. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 293 (Tex. 1976). If the terms of the trial court's judgment conflict with the terms of the settlement agreement, the judgment is unenforceable. *Clanin v. Clanin*, 918 S.W.2d 673, 678 (Tex. App.—Fort Worth 1996, no writ). However, if the parties' agreement does not address an asset or liability, that asset or liability is subject to the trial court's "just and right" division. *See*

*In re Marriage of Western*, No. 10-12-00072-CV, 2012 WL 3137899, at *5 (Tex. App.—Waco Aug. 2, 2012, no pet.) (mem. op.); *Rosales v. Rosales*, No. 04-05-00996-CV, 2006 WL 2955602, at *4 (Tex. App.—San Antonio Oct. 18, 2006, pet. denied) (mem. op.); *Clanin*, 918 S.W.2d at 677-78.

In this case, when the agreement was dictated into the record, Lisa's attorney referred to the specific amounts of the tax liens Lisa agreed to assume based on the notices filed with the county clerk. The trial court also heard evidence that the interest owed to the IRS was discovered when Rene contacted the IRS after the hearing, and Lisa testified she believed the amounts listed in the notices of tax liens filed with the county clerk were all that was owed. *See In re A.M.*, 418 S.W.3d 830, 841 (Tex. App.—Dallas 2013, no pet.) (noting trial court acts as fact finder in a bench trial and is sole judge of witness credibility). Although the parties' agreement was binding on the trial court to the extent of the property covered by the agreement, the trial court did not err in concluding the parties' agreement did not cover the interest owed to the IRS or in dividing the interest in the manner the trial court deemed to be just and right. *See In re Marriage of Western*, 2012 WL 3137899, at *5; *Rosales*, 2006 WL 2955602, at *4; *Clanin*, 918 S.W.2d at 677-78.

### CONCLUSION

The final divorce decree is affirmed.

Marialyn Barnard, Justice